CASE 54—ACTION BY C. W. SPARKS FOR HIMSELF AND OTHERS AGAINST J. R. ROBINSON, SHERIFF OF MASON COUNTY TO RECOVER A CERTAIN TAX COLLECTED BY APPELLEE.—MAY 1.

115 453
f118 237

115 453
d131 335
136 424

## Sparks v. Robinson.

APPEAL FROM MASON CIRCUIT COURT.

DEMURRER TO PLAINTIFF'S PETITION SUSTAINED AND HE APPEALS. AFFIRMED.

TAXATION—PLAINTIFF SUING FOR OTHERS—TRIFLING INTEREST—DEFECTIVE PETITION.

Held:   1. One may not sue on his own behalf, and that of other taxpayers, to recover taxes collected, where his interest is only three cents.

2. A petition to recover taxes collected, as in excess of the limit of fifty cents on the $100 authorized by Const., section 157, should negative the existence of indebtedness contracted before the adoption of the Constitution, in which case the section authorizes a greater tax to extinguish it.

WINFIELD BUCKLER AND W. S. PRYOR, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The Mason fiscal court in making a levy of sixty-two cents of May 27, 1902, exceeded its jurisdiction by three cents, the fifty-cent rate limit prescribed both by the Constitution and section 1839 of the statutes.

2. Now, more than six years have elapsed since the adoption of the Constitution, and a local act of the Legislature

adopted April 29, 1890, authorizing Mason county to levy a tax in aid of common schools in said county being inconsistent with the Constitution, ceased on September 28, 1897, and the Legislature, by section 1840, Kentucky Statutes, was constitutionally powerless to extend it beyond that time.

3. More than six years have elapsed from the adoption of the Constitution till the levy in question was made, and the levy of this school tax being made by virtue of this local and special act, it is necessarily in conflict with the constitutional requirements, that all levies for taxes shall be made by a general law; therefore said local act is expressly repealed by section 1 of schedule of the Constitution; it follows therefore, that the whole levy of fifteen cents for school fund is void.

### AUTHORITIES CITED.

L. & N. v. Pendleton Co., 96 Ky., 439; Same v. Commonwealth, 89 Ky., 541; Constitution, secs. 59, 61, 171, 181, 157; Kentucky Statutes, secs. 1839, 1840; Sutherland on Statutory Construction; secs. 292, 300, 326, 365, 380, 391, 393, 435; Cooley on Taxation, secs. 101, 276, 329; Am. & Eng. Ency., vols. 23, 406, 487 (1st ed.); Morgan Dep. Bank v. Johnson, 22 Ky. Law Rep., 211; Joyce, etc., v. Jeff. Co. F. Ct., 21 Ky. Law Rep., 201; McTigue v. Com., 99 Ky., 70; Pearce v. Mason Co., etc., 99 Ky., 364; City of Louisville v. Kuntz, 104 Ky. Law Rep., 589; Am. & Eng. Ency. of Law, vols. 3, 696, (1st ed.); State ex rel. Hill v. Wabash R. R. Co., 70 S. W. Rep., 136; Combs v. Letcher Co., 21 Ky. Law Rep., 1057; City of San Antonio v. Raley, 32 S. W. Rep., 180; Desty on Taxation, vol. 1, 206; French v. Newham, 74 N. C., 557; Pegram v. Caseland, 64 N. C., 557; Arnold v. Hawkins, 8 S. W. Rep., 718; Black v. McConigle, 15 S. W. Rep., 618; Hickman College v. Trustee C. C. S. Dis. A., etc., 23 Ky. Law Rep., 1273; Acts 1889-90, vol. 2; Davis v. Clark, 18 (Pa.) Rep., 667; City of Covington v. Dis. of Highland, 24 Ky. Law Rep., 435; Commonwealth v. Grinstead, 21 Ky. Law Rep., 1446; Sutherland on Statutory Construction, sec. 454; Varney v. Justice, 86 Ky., 600; Third or Old Constitution Schedule, sec. 1; Present or New Constitution Schedule, sec. 1; Levi v. City of Louisville, 97 Ky., 401; Campbell Co., use, etc. v. N. & C. Bridge Co., 23 Ky. Law Rep., 2059.

THOMAS R. PHISTER. ATTORNEY FOR APPELLEE.

### POINTS AND AUTHORITIES.

Constitutional Law. Construction of Statutes. Neither the Constitution nor any general statute has repealed the lo-

Sparks v. Robinson.

cal act of April 29, 1890, as to school taxes.   Long v. City
of Louisville, 97 Ky., 369;  Pearce v. Mason County, 99
Ky., 357; Cooley on Constitutional Limitations, p. 77; O'Ma-
honey v. Bullock, 97 Ky., 1890; Long v. City of Louisville, 17
Ky. Law Rep., 253; Sutherland on Statutory Constructions,
sec. 157; Com. v. Weller, 14 Bush, 224; Com. v. Cain, 14 Bush,
533; Murphy v. City of Louisville, decided February 10, 1903;
Posey v. Board of Trustees, 19 Ky. Law Rep., 466; Roberts
v. Clay City, 102 Ky., 88; Hickman College v. Trustees Dis-
trict A., 23 Ky. Law Rep., 1273; Chambers v. Adair, 23 Ky.
Law Rep., 373; Board of Education v. L. H. & St. L. Ry.
Co., 23 Ky. Law Rep., 376; secs. 1839, 4363, 4374, 4412, 4419,
4432, 4433, 1840, Kentucky Statutes; Acts 1889-1890, vol. 2, p.
1545; secs. 59, 144, 171, 181, of the Constitution; Joyce v.
Jefferson County, &c., 21 Ky. Law Rep., 201; Campbell Co.
v. N. & C. B. Co., 23 Ky. Law Rep., 2059; City of Covington
v. District of Highlands, 24 Ky. Law Rep., 433.

FRANK P. O'DONNELL, ATTORNEY FOR APPELLEE.

.SYNOPSIS OF ARGUMENT.

The action being based on section 157 of the Constitution,
the petition should have negatived an exception forming a part
of the very clause creating the alleged liability.   Constitu-
tion of Kentucky, sec. 157; Nichols v. Sennett, 78 Ky., 631;
Louisville & Nashville R. R. Co. v. Belcher, 89 Ky., 197; Com.
v. McClanahan, 2d Met., 10; Bliss on Code Pleading, p. 102;
Newman's Pleading, 398.

Even if the taxes were illegal, yet if voluntarily paid,
they can not be recovered back. Cooley on Taxation, p. 566;
City of Clarksville v. Montgomery County, 62 S. W. R., 33;
Am. & Eng. Ency. of Law (2d ed.), vol. 22, p. 609; Man-
ufacturing Co. v. Newell, 15 R. I., 233, 2d Atl., 766; Whaley
v. Commonwealth, 61 S. W. R., 36; Anderson v. City of
Louisville, &c., 79 Ky., 336; German Security Bank v.
Coulter, Auditor, 66 S. W. R., 426; Fecheimer v. City of Louis-
ville, 84 Ky., 308.

The act of 1890 is not inconsistent with the Constitution;
was not repealed by subsequent legislation; but was, in ef-
fect, re-enacted by section 1840, Kentucky Statutes.   Consti-
tution of Kentucky, sec. 157; Com. v. Louisville & Nashville
R. R. Co., 48 S. W. R., 1092; Pearce v. Mason County, 99
Ky., 357; Kentucky Statutes, sec. 1840; O'Mahoney v. Bul-
lock, 97 Ky., 781.

### CASES DISTINGUISHED.

Arnold v. Hawkins, 8 S. W. R., 720; Black v. McGonigle, 15 S. W. R., 614; State v. Burgess, 47 S. W. R., 500.

### ADDITIONAL CITATIONS IN SUPPLEMENTAL BRIEF.

Johnson v. Cavanaugh, 21 R., 1346; Com. v. L. & N. R. R. Co., 20 R., 1127; Kentucky Statutes, sec. 1296 (ed. of 1887).

### REPLY BRIEF BY ATTORNEYS FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. Both chap. 260 of acts 1891-92-93, p. 1413 on "common schools," and chap. 101 on fiscal courts, p. 268, supersedes local act.

2. The General Assembly, under section 51 of Constitution, could not include "common schools" in an act whose title is "fiscal courts," for they are distinct subjects.

3. Conceding the local act is not repealed this tax was levied under chap. 101, acts 1891-92-93, p. 268, creating fiscal courts, and is subject to the fifty cent limit in section 7, fixing the rate in all the counties.

4. To continue in force the local act would subject appellants to double taxation; this the General Assembly never intended.

5. Section 180 of Constitution, requires all acts of the General Assembly to specify distinctly the purpose for which taxes shall be limited, and section 1840, of Kentucky Statutes does not mention schools, distinctly or at all.

### AUTHORITIES CITED.

Commonwealth v. Porter, 24 Ky. Law Rep., 364; Acts 1891-92-93, p. 1413; O'Mahoney v. Bullock, etc., 97 Ky., 781; Mayor and Council v. Wilson, 103 Ky., 326; Cooley on Taxation, 2d ed., 329; Am. & Eng. Ency. of Law, vol. 23, 1st ed., 487; Joyce v. Jefferson Co., 106 Ky., 621; Maget v. Plummer, 107 Ky., 43; Sutherland's Statutory Construction, secs. 118, 120, 154, 156; Hickman v. Trustees, 23 Ky. Law Rep., 1273; Livingston, etc. v. City of Paducah, 80 Ky., 658; Cooley on Taxation, 2d ed., 227.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant, as a taxpayer of Mason county, brought this suit against appellee to recover, on his own behalf, and on behalf of all the taxpayers of the county, a certain tax

Sparks v. Robinson.

collected by appellee, as sheriff of Mason county, for the
year 1902.

At the April term, 1902, the fiscal court of Mason coun-
ty laid the county levy at 62 cents on the $100, in the aggre-
gate, apportioned as to objects as follows:

Maysville & Big Sandy R. R. fund............     9 cents
School fund ...............................    15 cents
Free turnpike fund .........................    25 cents
Infirmary fund ............................     6 cents
General claim fund ........................     7 cents

                                                62 cents

It is conceded that the debt on account of the Maysville
& Big Sandy Railroad was incurred prior to the present
Constitution, and that all the items embraced in the budget,
except that of 15 cents for school purposes, are legal.    The
property assessed for taxation in the county for that year
was $9,716,217.   It seems to be conceded in the petition
that all of the levy of 62 cents, except 3 cents thereof, was
legal, on the theory that the fiscal court had the right to
levy a tax not exceeding 50 cents for county governmental
purposes, aside from providing a sinking fund to meet the
railroad debt.   Thus, it was presented, 50 cents for gen-
eral county purposes and 9 cents for the railroad debt
produced 59 cents of valid taxation.   It was then claimed
in the suit that the excess of 3 cents was invalid, because
being in excess of the maximum rate allowed by section
157 of the Constitution, viz:   "The tax rate of cities, towns,
counties, taxing districts and other municipaltes, for other
than school purposes, shall not exceed the following rates
upon the value of the taxable property, viz.:   .   .   .   and
for counties and taxing districts fifty cents on the one hun-
dred dollars; unless it should be necessary to enable such

city, town, county or taxing district to pay the interest on,
and provide a sinking fund for, the extinction of indebted-
ness contracted before the adoption of this Constitution."
It was alleged that the three 'cents of excessive levy above
named produced, and there was collected from the tax-
payers of the county by appellee by reason of it, the sum
of' $2,914.86. It was to recover this sum, because of the
facts stated, that this suit was brought. A general de-
murrer to the petition was sustained.

On the appeal, appellant has taken a materially differ-
ent position in argument. He now contends that the whole
of the 15 cents levy for school purposes was invalid, and
was in violation of the Constitution. Thus it will be seen
that appellant, single-handed, attacks the validity of a tax
levy, made and collected, to be applied, and possibly already
applied, in aid of the common-school system of the county;
the total sum involved for that year being not less than
$14,574.32. Appellant says that he for that year owned
property valued for assessment at $20. His share of, or
interest, on his own showing, in, the fund involved, is not
exceeding 3 cents, in any event.

The right of one taxpayer to sue for all others similarly
situated, to redress a grievance common to the class to
which he is a member, is clearly recognized. Section 25,
Civ. Code Prac.; Hendrix v. Money, 1 Bush, 306; L. & O.
T. R. Co. v. Ballard, 2 Metc., 165; Whaley v. Com. (110 Ky.,
154, 23 R., 1292), 61 S. W., 35; Robinson v. Robinson's
Trustee, 11 Bush, 174; McCann v. City of Louisville (23
R., 558), 63 S. W., 446. But the one essaying to act for all
must be a fair representative of the class, and this he
must show to be entitled to claim the right. It was not
enough that he should belong to the class whose alleged
grievances or property rights he presumes to involve in lit-

Sparks v. Robinson.

igation, but he must show such an interest that the court
may see that his motive and financial concern are probably
in harmony with at least the average of the body. It will
be observed that the Code (section 25) makes this right per-
missive, which we understand to be in respect of the above
rule, and to involve the exercise of the sound judicial dis-
cretion of the chancellor. If this were not so, then one
with but slight interest in fact, but actuated by some other
motive not common to, nor in keeping with, the welfare of
those he would represent, could involve their property in
a litigation to be conducted by such skill and labor as he
would feel warranted to engage in his own small affair.
This would not be allowed. Or, *e. g.*, appellant, with an
interest of 3 cents only, volunteers to litigate for property
holders whose possessions are over $9,000,000, and whose
direct pecuniary concern is nearly $15,000. He proposes to
choose for them their lawyer, set the gauge of their litiga-
tion, control in a large measure the conduct of this to-be
enormous suit, and have charged to them the whole of the
costs (for appellant's proportion of the costs could not be
measured in any denomination of money known to the law).
This is a case to which certainly the maxim, "The law does
not notice trifling matters" ("*de minimis non curat lex*"),
applies. His interest is not large enough for the law to
take notice of. One so situated will not be allowed to
pester the courts and people by raising vexatious litiga-
tions over supposed constitutional infractions, for academ-
ical exploitation at other people's expense.

But there is at least one other reason, appearing on the
face of the petition, and independent of the merits of the
case, why the demurrer was properly sustained. Under
section 157 of the Constitution, the tax rate of a county
can not exceed 50 cents on the $100 of the taxable property

therein, except for two purposes: (1) If it shall be necessary to exceed that sum in order to pay an indebtedness contracted before the Constitution was adopted; or (2) unless it be for school purposes. As to these two objects there is no constitutional limitation. But appellant contends there was not authority granted by general law for a county to make provision for taxation in aid of the common schools therein, and therefore the fiscal court had not the power to levy any tax for that purpose. By an act approved April 29, 1890 (vol. 2, Acts 1889-90, p. 1545, c. 1107), the people of Mason county were authorized to provide by a majority vote, at an election to be held for that purpose, for the levying annually of not exceeding 25 cents on the $100 of the taxable property in the county, in aid of the common schools. Section 6 of the act is: "The taxes, hereinbefore provided for, shall be levied at the same time, and collected and accounted for in the same manner and by the same officers as the county levy is now made and collected by law." The provisions of the act were duly adopted by the necessary vote. It is asserted in argument by appellant that the local act of April 29, 1890, was repealed by the adoption of the Constitution September 28, 1891. The petition does not state whether Mason county had incurred an indebtedness under the act of 1890 which had not been discharged. Upon that point the petition is silent. In Campbell Co., Use, etc., v. N. & C. Bridge Co., 112 Ky., 659 (23 R., 2056), 66 S. W., 526, concerning the repeal of a local taxing act by the adoption of the Constitution, and the general laws thereunder on the subject of revenue and taxation, this court held that, if there existed obligations of indebtedness by the local taxing district, the local act would continue in full force till they were discharged. In the case of Richardson v. Boske, Sheriff (111 Ky., 893, 23 R.,

1209), 64 S. W., 919 (at page 922), it was also held: "We do not, however, decide that the enactment of the general statute relative to public roads and passways, which constituted chapter 110 of the Kentucky Statutes of 1899, in any wise affects the liability of district and separate portions of the county for the building and construction of roads under special acts." The failure of the petition to negative the existence of obligations of indebtedness contracted under the act renders it bad on demurrer.

The other questions presented are not decided.

The judgment sustaining the demurrer and dismissing the petition is affirmed.