CASE 26—ACTION BY W. H. HARLIN AND OTHERS AGAINST THE TOWN
OF BARDWELL TO ENJOIN THE COLLECTION OF A TAX.—MAY 12.

# Town of Bardwell v. Harlin and Others.

APPEAL FROM CARLISLE CIRCUIT COURT—J. E. ROBBINS, SPECIAL
JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—TAXATION—LIMIT OF LEVY—CONSTITUTION
—CONSTRUCTION.

1. Constitution, sec. 157, provides that for other than corporate
   purposes the tax of all cities and towns having less than 10,000
   inhabitants shall not exceed 75 cents on the $100. Section 158
   provides that a town of the sixth class shall not incur an in-
   debtedness exceeding in the aggregate 3 per cent. of the value of its
   taxable property. Section 159 provides that, when a municipality
   is authorized to contract an indebtedness, it shall be required
   to provide for the collection of an annual tax to pay the interest
   thereon, and to create a sinking fund. HELD, that a town of the
   sixth class, having less than 10,000 inhabitants, after levying a
   tax of 50 cents on each $100 for current expenses, had no au-
   thority to levy an additional tax of 50 cents on the $100 to pay
   interest on, and to provide a sinking fund for, waterworks
   bond.

J. M. NICHOLS & SON, FOR APPELLANT.

It is alleged in the petition, and is true, that in January, 1903,
the board of trustees of Bardwell, a town of the sixth class,
passed the following ordinances: (1) "Motion made and second-
ed that the regular levy of 50 cents tax on all real estate and
personal property, and also one dollar poll tax, is hereby levied."

(2) "Motion made and seconded that a special water tax of 50
cents per hundred be levied on all real estate and personal prop-
erty in the town of Bardwell." These two ordinances, taken to-
gether, levied a tax of one dollar on each one hundred dollars
worth of taxable property in Bardwell. This suit is brought to
enjoin the collection of 25 per cent. of that levy.

Town of Bardwell v. Harlin and Others.

Our contention is:

1. That the statute expressly confers upon towns of the sixth class the power to levy a tax of 50 cents on the $100. It is then expressly further provided that a vote may be had by which an indebtedness may be created. In that event the town is expressly authorized to make an additional levy of 50 cents on the hundred dollars, which is to be devoted solely to the payment of the interest on said debt, and the creation of a sinking fund to pay the principal.

2. The town having voted a tax of 50 cents for the payment of interest on its debt, was not thereby disabled from discharging its ordinary duty to the public, to raise revenue sufficient to meet the current expenses of the town.

### AUTHORITIES CITED.

Constitution, secs. 157, 158, 159; Com'rs v. Zimmerman, 41 S. W., 428; Missouri Const., art. 10, secs. 11, 12; State v. Town of Columbia, 20 S. W., 90; Lamar Water Co. v. City of Lamar, 31 S. W., 756; Ky. Stat., sec. 3490, sub-sec. 2; sec. 3637, sub-sec. 3; sec. 3704, sub-sec. 3; sec. 3705.

SHELBOURNE & KANE, FOR APPELLEE.

1. We contend that under section 157 of the Constitution the highest rate of taxation that may be imposed, for all purposes whatever (except two purposes expressly exempted from its operation by its term) is 75 cents on each $100 worth of taxable property, and that any rate in excess of this sum is void as to such excess.

2. The two exceptions referred to are, (1) a levy for paying interest and providing a sinking fund for the extinction of indebtedness contracted prior to the adoption of the present Constitution; (2) an indebtedness for school purposes.

3. It follows, therefore, that a tax of 50 cents on each $100 for paying the water tax, and 50 cents for the current expenses of the town is in excess of the limit fixed by the Constitution, and as to such excess it is void.

### AUTHORITIES CITED.

U. S. Sup. Ct. Rep. (L. Co., op. No. 5), Feb. 1, p. 181; Black on Interpretation of Laws, p. 148; Cooley's Con. Lim., pp. 69-72; Whaley v. Com., 61 S. W., 35; O'Bryan, Clerk, v. City of Owensboro, 68 S. W., 858; Sparks v. Robinson, 74 S. W., 176; Grady v. Pruett, 63 S. W., 285; Constitution, secs. 157, 159, 186,

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

At the November election, 1901, two-thirds of the qualified electors of Bardwell, a town of the sixth class, voted to incur a bonded indebtedness of $9,000 to enable the town authori- ties to erect a waterworks for the benefit of the citizens of the town. In pursuance to this vote, 18 bonds of the town, for $500 each, due in 20 years, were issued and sold by the trustees of the town, realizing therefor, $9,660 in cash, which was paid into the town treasury. Prior to the creation of this indebtedness the trustees of the town had regularly levied a tax of 50 cents on each $100 of taxable property within the limits of the town to pay the current expenses thereof. After the issual and sale of the bonds in January, 1903, the trustees of the town, in addition to the usual levy to meet current expenses, by proper ordinance, levied a special tax of 50 cents on the $100 of taxable property in the town to pay the interest on these bonds, and to create a sinking fund for the payment of the principal thereof at maturity. Whereupon appellees, residents and taxpayers of the town, brought this action against the town and its collecting officer to enjoin the collection under the ordinance of so much of said levy as was in excess of 75 cents on the $100 of taxable property within the town, on the ground that to this extent the tax was *ultra vires*. The defendants, in their answer, plead the various ordinances authorizing them to incur the debt to build waterworks, and allege that the special tax of 50 cents was necessary to meet the interest on the bonds as it matured, and' to pay off the bonds them- selves at their maturity, and claim that in so doing they were within their legal and constitutional power. A general demurrer was filed to this answer by the plaintiffs, which was sustained by the trial court; and, defendants declining

to plead further, judgment was rendered enjoining and restraining the town authorities from collecting taxes under the levy in excess of 75 cents on each $100 of taxable property within the town, and the defendants have appealed.

The decision of the questions presented by the appeal involves the construction of sections 157, 158, and 159 of the Constitution. Appellants contended that the limitation contained in section 157 of the Constitution of a tax rate of 75 cents on the $100 for towns and cities having less than 10,000 inhabitants only applies to the rate of taxation which may be levied by the municipal authorities for the ordinary current expenses of the town, and does not apply to an indebtedness which has been created by a vote of the electors; that, as to indebtedness of this character, section 159 of the Constitution expressly confers the authority and makes it the duty of the municipal authorities to levy such additional tax as may, in their judgment be necessary to provide the means for the extinguishment of a debt so contracted by a vote of the people. The sections referred to were plainly intended to limit the tax rate and indebtedness of municipalities of every class by fixing a maximum tax rate and per centum of indebtedness upon the assessed valuation of property therein, beyond which they could never go except, first, for school purposes; second, for the purpose of paying the interest and providing a sinking fund for the extinction of indebtedness contracted before the adoption of the Constitution; and, third, where the public health or safety of the municipality should so require.

Section 157 expressly provides that for other than school purposes the tax of all cities and towns having less than 10,000 inhabitants shall not exceed 75 cents on the $100, unless it be necessary to enable such city to pay the interest

on, and provide a sinking fund for the extinction of indebt-edness contracted before the adoption of the Constitution.

Section 158 provides that towns of the class to which Bardwell belongs shall not be authorized or permitted to incur indebtedness to an amount, including existing indebt-edness, exceeding in the aggregate 3 per centum on the value of the taxable property therein, to be estimated by the assessment next before the last assessment, unless before the adoption of the Constitution such municipality had incurred an indebtedness in excess of such limitation. And to still further emphasize the purpose of the contention, it was expressly provided by section 159 that when any city, town, taxing district, or other municipality was authorized to contract an indebtedness, it should be required at the same time to provide for the collection of an annual tax sufficient to pay the interest thereon, and to create a sinking fund for the payment of the principal thereof within not more than 40 years from the time of contracting the same. An examination of the debates which followed the report of the committee on municipalities in the constitutional convention shows that this was the construction placed upon the section at that time. The chairman of the committee, in explaining the provisions of the report, used these words. "The second, third, and fourth clauses relate to and control the power and methods of taxation. Property holders must have some rights, even against a majority. Unlimited taxation may mean confiscation, and the citizen has a right to know that there is a limit beyond which no taxation can ever go." The construction contended for by appellant would have the effect of entirely abrogating the limitation contained in these constitutional provisions for the protection of tax-payers. These sections were construed in Whaley v. Commonwealth, 110 Ky., 154, 23 R., 1292, 61 S. W., 35; O'Bryan

v. City of Owensboro, 113 Ky., 680, 24 R., 469, 645, 68 S. W., 858; Sparks v. Robinson, 115 Ky., 453, 24 R., 2336, 74 S. W., 176; and in each of these cases the construction indicated herein was adopted. In our opinion, appellant has no power to levy or collect a tax in excess of 75 cents on the $100 upon the value of the taxable property of the town.

Judgment affirmed.

Petition for rehearing by appellant overruled.