### PELELAS v. CATERPILLAR TRACTOR CO.
### No. P–50.

District Court, S. D. Illinois, N. D.

Nov. 10, 1939.

Wm. M. Schwartz and Harrison &
Marshman, all of Cleveland, Ohio, and
Clyde Trager, of Peoria, Ill., for plaintiff.

Miller, Elliott & Westervelt, of Peoria,
Ill., for defendant.

ADAIR, District Judge.

Plaintiff brought his suit in the Circuit
Court of Tazewell County in chancery for
an accounting against the defendant. The
suit was removed to this court upon peti-
tion of defendant.

Thereafter, consolidated motions to dis-
miss the complaint, to strike certain por-
tions thereof, and for a bill of particulars,
and for judgment for the defendant were
filed by the defendant.

Subsequently, two amended complaints
were filed by the plaintiff and to each, de-
fendant's motions to dismiss were ordered
to stand.

Two pre-trial conferences were held
with counsel for both parties present and

two oral arguments on the motions of the defendant likewise were had before the court.

In his second amended complaint the plaintiff alleges that the defendant corporation is a citizen of the State of California and that the matters in controversy, exclusive of interest and costs, exceed $3000; that the Metropolitan Life Insurance Company executed and delivered to the defendant corporation a group policy of insurance which is attached as Exhibit 1 to the complaint; that said Insurance Company and the defendant entered into agreements with employees of the defendant permitting them to make applications for insurance under the group policy; that a copy of plaintiff's application, marked Exhibit 2, is attached to the complaint and a copy of the certificate of insurance issued to the plaintiff, pursuant thereto, marked Exhibit 3, is also attached; that the group policy was a participating contract and provided that said Insurance Company should apportion any divisible surplus accruing proportionately to the parties contributing to the payment of premiums; that the plaintiff was insured under said group policy of insurance "and that plaintiff brings this action for himself individually, and on behalf of all other former and present employees of the Caterpillar Tractor corporation who held or hold certificates of insurance under said policy of group insurance and who are situated similarly to this plaintiff." Thereafter follow allegations that the question in controversy is of common and general interest to all former and present employees of the defendant and that said holders or former holders of certificates of insurance are very numerous and are thousands in number; that many of the same are nonresidents of the State of Illinois and not known to the plaintiff, and their addresses and location can not be ascertained by the plaintiff; that, while said group policy was in force, substantial premiums were paid to said Insurance Company; and that the plaintiff is not advised as to what proportionate amounts were paid by the respective employees and what proportionate amounts were paid by the defendant; that from time to time, when said group policy was in force, said Insurance Company paid dividends out of the divisible surplus to the defendant; that the defendant retained such dividends without apportionment to the employees who contributed to the total amount of the premiums in proportions which are unknown to the plaintiff; that the plaintiff was entitled to receive from the defendant a portion of the dividends paid to it by said Insurance Company; that, therefore, the plaintiff prays for an accounting of all monies or credits received by the defendant from said Insurance Company as dividends; and that the defendant be required to pay over to the plaintiff such sum or sums as may be found to be owing to the plaintiff by the defendant.

One of the reasons assigned for dismissal by the defendant is that the complaint does not allege facts showing that the plaintiff is such a person as is entitled to bring the suit as a class action.

■ The complaint alleges that the plaintiff "was an employee" of the defendant corporation. As a result of this allegation and of the statements made during pre-trial conferences and upon the oral arguments, it appears that the plaintiff has not been an employee of the defendant corporation since in November, 1936. It appears from the group policy which is attached to and made a part of the plaintiff's complaint that said policy contains the following provision entitled "Discontinuance of Insurance":

"(A) The insurance on any Employee insured hereunder, who shall have ceased to be in the employ of the Employer, shall be discontinued as of the date such Employee left the employ of the Employer."

Thus, it additionally appears that the plaintiff has not been insured under said group policy of insurance carried by the defendant since approximately the month of November, 1936. It also appears that the defendant corporation employs many thousands of employees and that practically all of its employees have elected to become insured under the group policy of insurance here involved.

Rule 23 (a) of the Federal Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides:

"*Representation*. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, *as will fairly insure the adequate representation of all* may, on behalf of all, sue or be sued * * *."

Tested by this language, it is the court's opinion that the plaintiff has not shown

himself to be such a person "as will fairly insure the adequate representation of all" in whose behalf he assumes to sue. He has not been a fellow employee of the class whom he seeks to represent for approximately three years. He has not been insured under the group policy in question, as are practically all of the members of the class for whom he seeks to sue, for a period of approximately three years.

It is not alleged in his complaint, nor has it been claimed or indicated in pre-trial conferences that any of the persons whom he seeks to represent have requested him to bring his action in their behalf, or that any member of that class has indicated to him that he possesses a claim similar to that which he seeks to allege. It appears that the controlling counsel for the plaintiff are from Cleveland, Ohio, a considerable distance from the home of the plaintiff and, as well, from the members of the class whom plaintiff seeks to represent here. Independent of the more stringent requirement of Rule 23 of the Rules of Civil Procedure, it has long been the rule that a person seeking to bring a class action must first establish himself as fairly and honestly representative of the class for whom he seeks to act. In the early case of West v. Randall et al., 1820, 29 Fed. Cas. No. 17,424, p. 718, 723, 2 Mason 181, Mr. Justice Story, speaking for the court, said of similar actions:

"In these and analogous cases of general right, the court dispense with having all the parties, who claim the same right, before it, from the manifest inconvenience, if not impossibility of doing it, and is satisfied with bringing so many before it, as may be considered *as fairly representing that right, and honestly contesting in behalf of the whole,* and therefore binding, in a sense, that right."

In the case of Sparks v. Robinson, 115 Ky. 453, 74 S.W. 176, the court, speaking of class actions, said:

"But the one essaying to act for all must be a fair representative of the class, and this he must show to be entitled to claim the right. It was not enough that he should belong to the class whose alleged grievances or property rights he presumes to involve in litigation, but he must show such an interest that the court may see that his motive and financial concern are probably in harmony with at least the average of the body. It will be observed that the Code (section 25) makes this right permissive, which we understand to be in respect of the above rule, and to involve the exercise of the sound judicial discretion of the chancellor. If this were not so, then one with but slight interest in fact, but actuated by some other motive not common to, nor in keeping with, the welfare of those he would represent, could involve their property in a litigation to be conducted by such skill and labor as he would feel warranted to engage in his own small affair. This should not be allowed. Or, e.g., appellant, with an interest of 3 cents only, volunteers to litigate for property holders whose possessions are over $9,000,000, and whose direct pecuniary concern is nearly $15,000. He proposes to choose for them their lawyer, set the gauge of their litigation, control in a large measure the conduct of this to-be enormous suit, and have charged to them the whole of the costs (for appellant's proportion of the costs could not be measured in any denomination of money known to the law.)"

The defendant employs many thousands of employees who are insured under the policy in question here and, of necessity, therefore, plaintiff's interest in the subject matter is small indeed.

The decision of this question rests largely upon the exercise by the court of its sound discretion. In the exercise of such discretion, it is the opinion of the court that the plaintiff has not shown himself to be, as required by Rule 23 of the Rules of Civil Procedure of this Court, such a person "as will fairly insure the adequate representation of all the members of the class for whom he seeks to act."

The court is further of the opinion that the complaint should be dismissed upon the broad ground stated in defendant's motion that the complaint fails to state a claim upon which the relief prayed for can be granted.

Plaintiff's second amended complaint in paragraph (6) thereof states as follows:

"The contract of insurance was what is commonly known as a participating contract and provided in substance that the Insurance Company should annually ascertain and apportion any divisible surplus accruing; and providing further that such divisible surplus should be distributed to the parties contributing the premiums, in proportion to the amounts of such contribution."

The contract of insurance referred to in the above-quoted language is the master

policy, plaintiff's Exhibit 1. Reference to Section 5 of that policy shows the following language upon which the foregoing allegations are based:

"This Policy is a participating contract and the Company (the Insurance Company) shall annually ascertain and apportion any divisible surplus accruing under policies of this class. Any such divisible surplus shall be paid in cash to the employer, or, upon written request from the employer to the Company, shall be applied to the payment of the aggregate of the premiums next falling due under this Policy. In either event, such divisible surplus is to be distributed or applied by the employer according to the respective rights thereto—if any—of the parties contributing to the premiums hereunder."

Comparison of the above-quoted language from the complaint with that from the policy, respectively, shows a distinct difference. Plaintiff alleges that the policy provides that the divisible surplus should be distributed to the parties contributing the premiums in proportion to the amounts of their contribution. This, however, is not the provision of the policy. The policy says that the surplus is to be distributed or applied by the employer "according to the respective rights *if any*—of the parties contributing to the premiums."

█ In this conflict between the policy and the allegation, the policy, which is attached to the complaint as an exhibit and which is the best evidence of its contents, must be deemed to control. According to the policy, the surplus is to be divided by the employer *only if employees contributing thereto have a right* to a portion of the surplus.

█ A right to a portion of the surplus is not created by the policy. The policy is expressly neutral on this point, using the words "if any." The first sentence from section (5) of the policy—"This Policy is a participating contract and the Company shall annually ascertain and apportion any divisible surplus accruing under policies of this class" does not create any right in the plaintiff. Language similar to that quoted is peculiar to all participating policies of insurance and clearly means that the Insurance Company shall apportion to this policy its (this policy's) share of the divisible surplus; that is, the apportionment referred to is not between the defendant and the plaintiff to this action, but is

an apportionment of the surplus among all holders of group insurance contracts with this Insurance Company, including the defendant. An examination of Exhibits 2 and 3 attached to the amended complaint, being, respectively, plaintiff's application for insurance and the insurance certificate issued to the plaintiff, do not establish in him any right to any portion of this surplus and, in fact, are silent on that subject.

It can not be said that the mere act of plaintiff's contributing to the premium established in him a right to a portion of the divisible surplus, for the language of the policy presupposes contribution and provides, in effect, that the surplus shall be divided between those contributing, if and only if they have a right thereto. This right in this case must arise, if at all, by some agreement, contract, or undertaking, independent of the master policy.

The plaintiff, however, relies wholly upon the provisions of the master policy and this is additionally evidenced by the further allegation contained in paragraph (9) of the second amended complaint, wherein it is alleged:

"* * * The plaintiff and the other employees so insured were and are entitled to participate in the profits, dividends, and divisible surplus so earned, declared, and apportioned by said Insurance Company, under said contract of insurance."

Reference has been made in pre-trial conferences and in the motions and briefs filed to an "announcement" made by the Company to its employees concerning this insurance, and plaintiff's application states that he applies for insurance "in accordance with the Company's announcement." This announcement is not of record and plaintiff's counsel have expressly disclaimed that it has any materiality to the issues here.

█ It is axiomatic that a plaintiff must state facts sufficient to show a cause of action, and it is the considered opinion of this court that plaintiff's second amended complaint, when read in conjunction with the master policy, from which his rights, if any, must be determined and which controls the mere allegations of the complaint as to its contents, does not state a cause of action, inasmuch as the policy does not give the plaintiff the right to that which he seeks to recover and plaintiff has not established a right thereto, based on anything independent of the policy.

From this record, the court is convinced that no agreement to divide the surplus was made between the defendant on the one hand and the plaintiff and defendant's other employees on the other hand.

Because the plaintiff is not properly representative of the class on whose behalf he purports to sue and because plaintiff's second amended complaint does not state a claim upon which the relief prayed for can be granted, it is ordered that this suit be dismissed, and that judgment be granted for the defendant, which is hereby done.