HOHMANN
v.
PACKARD INSTRUMENT.

ASHBROOK
v.
PACKARD INSTRUMENT.
Nos. 63 C 953, 63 C 981.

United States District Court
N. D. Illinois.
June 30, 1967.

George S. Hoban and Perry L. Fuller, of Hinshaw, Culbertson, Moelmann & Hoban, Chicago, Ill., for defendant.

Arnold I. Shure, Chicago, Ill., for plaintiff, Hohmann.

John J. Enright, of Arvey, Hodes & Mantynband, Chicago, Ill., for plaintiff, Ashbrook.

## MEMORANDUM OF DECISION

LYNCH, District Judge.

Both cases are based on certain material omissions allegedly made by the defendant corporation in a 1963 prospectus. The issue before this court is whether either, or both of the two cases, shall proceed as class actions. Suit 63 C 981 is based on Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k and under section 15 U.S.C. § 77o. Suit 63 C 953 is based on section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and on Rule 10–b–5 of General Rules and Regulations under the Securities Exchange Act.

In each case the class allegedly represented by the respective plaintiff includes (1) the purchasers who bought from various firms acting as underwriters for the issue of 100,000 shares of Packard Instrument Stock on February 1, 1963 and (2) open-market purchasers up until the time the allegedly undisclosed facts became public.

The number of persons purchasing shares at the public offering was 847. Plaintiff in 63 C 953 alleges a purchase of 500 shares; plaintiff in 63 C 981 alleges a purchase of 175 shares. A total of 100,000 shares were offered.

The defendant in both cases has made motions to strike those allegations in the complaint wherein each plaintiff alleges that he represents a class.

Rule 23 of the Federal Rules of Civil Procedure, which governs class actions of this type, has been amended since these suits were commenced. The court is of the opinion that the amended Rule 23, which became effective July 1, 1966, should govern the disposition of the defendant's motions. The Supreme Court by order provided that the amended rules govern "in all further proceedings then pending."

Rule 23, as amended, provides:

"(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

However, even if Rule 23(a) is satisfied, an action may properly be maintained as a class action only if it also meets one of the three tests found in Rule 23(b). The parties recognize that subdivisions (1) and (2) of paragraph (b) are not applicable to the actions before this court. Subdivision (3) of paragraph (b) is the one applicable to actions of this nature, and it provides that the court must find:

"* * * that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of

any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

The application of the amended rule can be guided to some extent by the decisions of courts under the old rule. For example, under the old rule a requirement for a class action was that the purported representative be able to "fairly insure the adequate representation of all." Under the amended Rule 23, a requirement is that the "representative parties will fairly and adequately protect the interests of the class."

The question of the adequacy of representation is a major issue. The court notes that there is only one plaintiff in each of the two cases being considered, although the number of persons purchasing shares at the public offering was 847. The court also notes that no additional members of the alleged class have sought to intervene, although both these actions were filed in 1963.

The alleged class actions before this court were commonly designated as "spurious" class actions under Rule 23 prior to the 1966 amendments.

As the 7th Circuit noted in Weeks v. Bareco, 125 F.2d 84, at page 88, fn. 5 (1941):

"Moore, in his treatise on Federal Practice Under the New Rules, gives an excellent discussion of the "Spurious Class Suit" * * * He says:

"'This is a permissive joinder device. The presence of numerous persons interested in a common question of law or fact warrants its use by persons desiring to clean up a litigious situation. Assume that a railroad negligently sets fire to property, and widespread damage to many property owners ensues. Here there is a question of law or fact common to many persons. A, B, and C bring an action on behalf of themselves, and all others similarly situated, against the railroad. * * * The judgment would bind A, B, and C and privies, the railroad, and all who intervened, but would not bind others beyond the principle of stare decisis, which operates as to all judgments.'"

Although the spurious class was a permissive joinder device, binding only on the parties, the adequacy of the representation of absent members of the class was considered. Thus, in Weeks v. Bareco, the 7th Circuit concluded that two members of an alleged class of 900 had not shown their ability to insure adequate representation of the class. The court held:

"They could have, and we think should have, shown some of the proof tending to establish their charge that they suffered damages as jobbers by virtue of the defendants' raise in prices as to them. They could, and should, have supplied some proof that others in the class desired this suit to go and that they knew of few, or no instances, where the members of the class were opposed to the prosecution of this class suit."

In Kainz v. Anheuser-Busch, Inc., 194 F.2d 737 (7th Cir.) (1952), the question of the adequacy of representation was not reached, but the court did note that the lack of subsequent intervention by other parties would justify dismissal as a class action. In that case four plaintiffs brought a "spurious" class action alleging a violation of the anti-trust laws against the defendants. The action was brought as a class action for the benefit of the plaintiffs and also for other parties named in the plaintiff's exhibit attached to the complaint. The complaint alleged that all the persons mentioned in the exhibit had authorized institution and prosecution of the action in their behalf. The district court dismissed the class action. The 7th Circuit reversed, noting that "the thought back of the rule creating this sort of class action is that

its recognition will avoid a multiplicity of law suits." The 7th Circuit concluded:

"* * * the adequacy of representation of plaintiff in behalf of their class is not now in issue. As the court said in Oppenheimer v. F. J. Young & Co., Inc., 2 Cir., 144 F.2d 387, 390, 'Inasmuch as persons who do not become parties cannot be affected by the decision, we need not go further as to the adequacy of plaintiffs' representation of others in the class. * * * Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84. *If it shall later appear that the plaintiffs are not able within a reasonable time to obtain others to intervene in the class action it may properly be dismissed as a class action because of lack of adequate representation of members of the class.*' To this rule, we shall conform, at least until there is presented to us for review a decision by the District Court upon some further showing at some future time that plaintiffs' action will not fairly insure the adequate representation of all members of the class." (Emphasis added.)

The court notes that the two cases before it are the only actions filed against the defendants which relate in any manner to the stock offering of February, 1963. Under Rule 23(b) (3) one of the matters to be considered by the court is "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class."

The fact that there is only one plaintiff in each of the two actions before this court is to be considered, although it is, in and of itself, not conclusive. In Pelelas v. Caterpillar Tractor Co., 113 F.2d 629, the Court of Appeals for the 7th Circuit affirmed the district court's dismissal of an alleged spurious class action, 30 F.Supp. 173. The 7th Circuit stated:

"The rule carried into the present code the essence of former Equity Rule 38, 28 U.S.C.A. following section 723. It is even more stringent; and under it the court is at liberty to consider the number appearing on record as contrasted with the number in the class; 2 Moore's Federal Practice, Section 23.03, p. 2234; and whether the relationship between the parties to the record is unique or one identical and common with that of all others of a class, 2 Moore Federal Practice, Section 23.02, p. 2255. There must be a sufficient number of persons to insure a fair representation of the class."

And in Weeks v. Bareco, supra, the 7th Circuit subsequently noted that "some courts have recognized that great disparity between the number actually suing and the number in the class, is of some importance."

This court, in an effort to determine the adequacy of the representation, permitted the plaintiffs to send letters to 600 purchasers of the stock in question. The letter informed this list of purchasers, selected by the plaintiffs, of the pendency of these suits and stated:

"If we succeed, we will THEN ask the Court to invite other purchasers (such as yourself) to submit their claims for recovery of individual losses and ask the Court to approve reasonable legal fees, costs and expenses to be paid ONLY out of the total recovery realized. You assume NO obligation for any PERSONAL LIABILITY for such expenses, fees, and costs of the suits."[1]

1. This refers to the so-called concept of "one-way intervention" wherein some courts, although there was a difference of opinion on the matter, had held or intimated that class members might be permitted to intervene after a decision on the merits favorable to them, although they would not be bound by an unfavorable decision. See the Advisory Committee Notes to the amended Rule 23. A commendable effect of the new rule is to eliminate the concept of "one-way intervention."

The addressees were asked to fill out a post card which stated:

"I do not approve of your continuing with the suits brought on be-
 disapprove
half of purchasers of Packard Instrument Stock.

As a purchaser of Packard Instrument stock the undersigned feels
that he is adequately represented by

Arthur Hohmann and Burman Investments
Burman Investments

Arthur Hohmann Neither"

---

Although the letter was phrased in such a manner as to induce a generally favorable response, the court felt it best that the plaintiffs be given every opportunity to demonstrate, in whatever manner possible, the adequacy of the representation. The results of the post card poll, however, viewed in the light most favorable to the plaintiffs, were inconclusive.

Of the 600 letters and post cards that were mailed out, 55 were returned undelivered by the post office. A total of 203 replies were received, but 3 of these replies did not respond to any of the questions. The reports of the accounting firm to which the post card replies were addressed disclose the following results:

Approve: 156
Disapprove: 15
No Answer: 19

Total: 200

Hohmann and Burman: 134
Neither: 18
Hohmann: 1
No Answer: 34
Combination: 13

It thus can be seen that of the 545 persons who apparently received the letters and post cards, less than 30% indicated approval of the maintenance of these actions in their behalf.

The court, then, is confronted with a situation in which there is one plaintiff in each action seeking to represent a class consisting of a great number of purchasers, in which no other suits are pending,[2] in which no additional purchasers have sought to intervene, and in which less than 30% of a select mailing group have responded favorably to a letter holding out the possibility of a favorable verdict with no assumption of any personal obligation.

■ The court is of the opinion that under these circumstances a dismissal of the class action would have been proper under Rule 23 prior to the 1966 amendments. The court, however, is considering the applicability of Rule 23 as amended in 1966. Under the old Rule 23 the "spurious" class action was merely a permissive joinder device, not binding on those who were not parties or who did not intervene. See Kainz v. Anheuser-Busch, Inc., 194 F.2d 737 (7th Cir., 1952). Under the amended rule *all* members of the class are bound, unless they specifically choose to exclude themselves by so requesting the court. The court is

---

2. In their brief, plaintiffs argue that other purchasers "have been assured by the letter sent to them with consent of the court that their interests are being represented and protected," and that these purchasers "have thus been induced to forebear from taking any action in their own behalf." But these cases were filed in the middle of 1963. The letters were sent out in the middle of 1966.

thus of the opinion that the requirement of the adequacy of the representation should be considered more stringently under the amended rule. See Eisen v. Carlisle, D.C., 41 F.R.D. 147, at 150. (Appeal pending, 370 F.2d 119.)

 The court does not believe that the plaintiffs in this action have shown that they "will fairly and adequately protect the interests of the class."

Furthermore, under the circumstances present here, this court cannot find—as it would be required to do under paragraph (b) (3) of Rule 23 before this cause could proceed as a class action— "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

The situation here is similar to that in Berger v. Purolator Products, 41 F.R.D. 542, (D.C.S.D.N.Y., 1966) which involved class actions based on violations of Section 10(b) of the Securities Exchange Act of 1934. In holding that the action was not maintainable as a class action, and that a proposed compromise did not require approval of the court, Judge van Pelt Bryan noted:

> "The four matters set forth in Rule 23(b) (3) 'as pertinent to the findings' of the court on this question do not indicate that a class action is the 'superior' method here. No problems of diverse litigation in several forums are presented. On the contrary, counsel for the plaintiffs has advised the court that despite the pendency of this litigation for almost three years, they have received no communication or inquiries from any other shareholder or inquiries from any other shareholder or Tung-Sol or any attorney representing such person claiming any loss as a result of the transactions attacked or expressing any interest in the litigation."

For the reasons stated herein the motions of the defendants to strike the allegations of the complaint pertaining to a class action are granted.