CASE 36.—TWO SUITS BY H. T. DUNCAN AGAINST THOMAS A. COMBS AND OTHERS TO RECOVER MONEY ALLEGED TO HAVE BEEN MISAPPROPRIATED.— January 15.

## Duncan v. Combs, &c. (Two Cases)

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for defendants. Plaintiff appeals.—Affirmed.

1. Municipal Corporations—Misapplication of Funds—Liabilities of Officers—Petition—Sufficiency.—Under Ky. St. 1903, section 3175, making it the duty of the city solicitor to prosecute actions to recover of the city officers taxes collected and expended under an ordinance not specifying the purpose of the tax, and providing that if he shall fail to do so for six

Duncan v. Combs, &c.    (Two Cases.)

months after knowledge thereof any person may institute the action, a petition, alleging that the solicitor had knowuedge for more than six months, and that, having failed to act, plaintiff, as a citizen and taxpayer, instituted the action, is sufficient, without further allegation showing that he is in fact a taxpayer.

2. Statutory Provisions.—Ky. St. 1903, section 3175, requiring an ordinance levying a tax to specify the purpose of the tax, making it void if it fails to do so, and providing that, if city officers collect taxes under such an ordinance and expend the same, those who participated in its passage and those who could have prevented the expenditure shall be liable to the city, is intended solely to prevent city officers from collecting taxes under a void ordinance, and imposes no liability upon such officers for applying taxes collected under a valid ordinance to a gevernmental purpose other than that for which levied.

3. Statutes—Enrollment—Conclusiveness.—An enrolled bill cannot be impeached by the journals of the House or Senate.

4. Statutes—Construction — Journals of Legislature.—Where an act is plain and unambiguous in its terms, no necessity arises, in construing the same, for calling in aid the journals of the House and Senate.

A. M. BAKER and FORMAN & FORMAN for appellants.

AUTHORITIES CITED, ON THE QUESTIONS INVOLVED.

1. The payment of the several claims to the Home Construction Company was illegal. (Kentucky Constitution, sec. 180; U. S. F. & G. Co. v. Board of Education, 26 Ky. Law Rep. 246, 89 S. W. 1191; Commonwealth v. U. S. F. G. Co., 28 Ky. Law Rep. 362, 89 S. W. 251; Kentucky Statutes, secs. 3070 and 3071; City of Louisville v. Button, 29 Ky. Law Rep. 139.)

2. The contract with the Home Construction Company for sweeping and cleaning streets was illegal and void. (Kentucky Constitution, sec. 157.)

3. Payment of the claims of the Home Construction Company when there was no money in the funds set apart for these purposes, and the payment out of money in funds set apart for other purposes, was illegal. (City of Louisville v. Button, 29 Ky. Law Rep. 139; Board of Education v. Board of Trustees, 24 Ky. Law Rep. 101 and 102; San Francisco Gas Co. v. Brickwedel, 62 Cal. 642; Shaw v. Statler (Cal.) 15 Pac. 834; McBean v. San Francisco (Cal.) 44 Pac. 912; O'Bryan v. City of Owensboro, 113 Ky. 692;

Duncan- v. Combs, .&c.    (Two Cases.)

Belknap v. City .of Louisville, 16 Ky. Law Rep. 316; Hopkins County v. St. Bernard Coal Co., 114 Ky. 158.)

4. When certain amounts of money had been, by ordinance, apportioned to the several funds for .the purchase and redemption of the several classes of bonds owed by the city, and when these several amounts had been levied as taxes and collected for these specific purposes, it was illegal for the appellees to take -these funds and use them for the payment of other claims against the city.    (Kentucky Constitution, sec. 180; Kentucky Statutes, secs. 3070 and 3071; Kentucky Constitution, sec. 159; Kentucky Statutes, secs. 3190, 3191 and 3192; City of Louisville v. Button; Board of Education v. Board of Trustees.)

5. The defendants are personally liable for the illegal and wrongful acts in using funds of the city, appropriated and levied for one specific purpose, to pay other distinct and different claims. (Kentucky Statutes, sec. 3175, and secs. 459, 460.)

6. On the question of the form and meaning of the Statute the court may "resort to any source of information which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to such question."    (Lafferty v. Huffman, 99 Ky. 98; Clark v. Field, 143 U. S. 649 (36 L. Ed. 298); Evans v. Brown, 30 Ind. 514; Edgar v. Board of Commissioners, 70 Ind. 338; Gardner v. Barney, 18 L. Ed. 890; Black v. National City bank of New York, 23 L. Ed. 119; United States v. Ballin, 36 L. Ed. 321; Town of Bardwell v. Harlin, 26 Ky. Law Rep. 101; Acts of 1906, secs. 2 and 6 of chapter 81; Commonwealth v. Miller, 5 Dana 320; Bigelow v. Forrest, 19 L. Ed. 696; O'Bryan v. City of Owensboro, 113 Ky. 691; Sutherland on Statutory Construction, secs. 26⁷ and 311; Waters v. Campbell, 4 Sawyer 121, Federal Cases No. ————; Kentucky Statutes, sec. 3043; Acts of Kentucky Legislature of 1906, chap. 19, sec. 3.)

MORTON, WEBB & WILSON for appellees.

POINTS AND AUTHORITIES.

1 A petition pleading a violation of section 157 of the Constitution.must allege actual facts to show such violation.    (Maysville & Lexington Turnpike Road v. Wiggins, 104 Ky. 547.)

2. Street repairs are necessary expenses of a city, and do not come within the prohibition of section 157 of the Constitution. (Hopkins County v. St. Bernard Coal Co., 114 Ky. 158.)

3. A person is not entitled to bring a suit on behalf of the tax-payers unless he shows himself a fair representative of that class.    (Sparks v. Robinson, 24 Ky. Law Rep. 2337.)

4. The enrolled or engrossed bill signed by the Governor and promulgated as the law, must be conclusively accepted as the very bill adopted by the Legislature, and is unimpeachable by the journals.   (Lafferty v. Huffman, 99 Ky. 80; Commonwealth v. Shelton, 99 Ky. 120; Commonwealth v. Hardin County Court, 99 Ky. 190; Wilson v. Hines, 99 Ky. 228; O. & N. Railway Co. v. Barker's Admr., 102 Ky. 20; Taylor v. Beckham, 108 Ky. 300; Waller v. Murray, 21 Ky. Law Rep. 783; Stone, Auditor, v. Dispatch Publishing Co., 21 Ky. Law Rep. 1475.)

OPINION OF THE COURT BY JUDGE LASSIKG—Affirming.

Appellant, H. T. Duncan, a resident of Lexington, Ky., suing for himself and all other citizens of the city of Lexington, instituted two suits in the Fayette circuit court against the appellees, T. A. Combs, etc., wherein he sought to hold them personally liable for certain sums of money amounting, in the aggregate, to about $60,000, which he alleged that they, as mayor, auditor, and members of the general council of the city of Lexington, had misappropriated and misapplied. General demurrers having been sustained to each petition and the several amendments thereto, and, the plaintiff declining to plead further, the petitions were dismissed. To test the correctness of this ruling he appeals, and, by agreement of parties, these two cases are heard together; practically the same questions being involved in each.

The petitions, in substance, allege that the taxes for the years covered by this litigation were levied for specific purposes, and that one of those purposes was the creation of a sinking fund for the ultimate redemption of certain of the city bonds, and that the mayor and auditor and members of the general council, in violation of section 3175 of the Kentucky Statutes of 1903, failed and neglected to apply the money

collected under the tax levy, for the purpose of creating a sinking fund, to the redemption of the bonds as they should have done, but appropriated it to other uses in the conduct of the city's affairs. There is no charge that they, or any of them, appropriated any of the money to their own use, but simply that they expended it for governmental purposes other than that for which it was levied and collected, and for these acts it is sought to hold them, as officers of the city, and the bondsmen of such as were required to give bond, personally liable.

That plaintiff, in instituting these suits, was proceeding under the section of the Kentucky Statutes above referred to there can be no doubt. In fact, his counsel in brief states that his right to sue is given by this section of the statutes, and the greater part of his brief is devoted to argument tending to show that under a fair construction of this statute appellees may be held personally liable for the acts complained of in the pleadings. While other sections of the statutes and certain provisions of the Constitution are cited to show that public funds should be applied to the purpose for which they are collected, still no statute is cited in support of the contention that appellees may be held personally liable for such misapplication other than section 3175. This statute is as follows: "All taxes and license fees shall be levied or imposed by ordinance, and the purpose or purposes for which the same are levied or imposed shall be specified therein, and the revenue therefrom shall be expended for no other purpose than that for which it is collected. Ordinances levying taxes or imposing license fees shall distinctly specify the purpose or several purposes for which the same are levied; failure to do so shall render the ordinance

invalid, and if it shall, the officer or officers, agents or employes, who could. by a refusal to act, have prevented the expenditure, and the members of the general council who voted for the expenditure, shall be jointly and severally responsible and bound to the city for the amount of such expenditure. And it may be recovered of them in an action upon the bonds of those having them, or personally against any or all of them; and it shall be the duty of the city solicitor to institute and prosecute to recovery such actions; and if he fails to do so for six months after he shall have knowledge of the same, any person may institute the action, and shall have one-half of the recovery. A recovery hereunder shall not militate against the criminal prosecution herein elsewhere provided.''

For appellees, it is, at the outset, contended with much earnestness that appellant has not shown in himself the right to maintain these suits, inasmuch as he does not, in the pleadings, state facts which show that he is a taxpayer, and that under the authority of Sparks v. Robinson, 115 Ky. 453, 23 Ky. Law Rep. 2336, 74 S. W. 176, it is absolutely essential that these facts should be alleged in order to authorize him to properly and fairly represent the taxpayers of the city, whom he is undertaking to represent in this litigation; the allegation that he is a taxpayer being a mere conclusion on the part of the pleader. The answer to this objection, however, is found in the statute under consideration. This statute, which is highly penal in its nature, authorizes the city solicitor to institute a suit for violation of its provisions, and, ''if he fails to do so for six months after he shall have knowledge of the same, any person may institute the action, and shall have one-half of the recovery.'' The petition alleges that the city solicitor did have knowl-

edge of the existence of the condition of affairs set
out in the pleading for a greater period than six
months, and, having failed to act, appellant, as a citi-
zen and as a taxpayer, instituted the suit. We are of
opinion that these allegations authorized appellant
to institute the suit without any allegation showing
that he was in fact a taxpayer of the city of Lex-
ington.

The real question, in fact the only question in these
cases is: Are appellees personally liable for the acts
complained of? For appellee it is insisted: That
this statute has no application to the question under
consideration; that this statute prohibits the passage
of an ordinance levying a tax which does not specify
the purpose for which it is to be expended. They
admit that if the officers of the city and members of
the general council had passed an ordinance levying
a tax without specifying the purpose for which it is
to be expended, and under such ordinance tax was
collected and expended, the officers so participating
in the passage of the ordinance and in the spending or
paying out of the tax collected thereunder would be
liable personally, but that under this statute no pen-
alty is imposed upon the officers of a city or members
of the general council thereof for applying taxes col-
lected under a valid ordinance to one public or gov-
ernmental use rather than to another.

An analysis of so much of this statute as need be
considered shows that it is separable into three parts:
First, it provides that all ordinances levying taxes
shall distinctly specify the purposes for which the
taxes are levied; second, that a failure to specify the
purpose for which the levy is made shall render the
ordinance invalid; and, third, that if the officers of a
city collect taxes under such an ordinance, and expend

same, those who participated in the passage of the ordinance and those who could have prevented the expenditure of the taxes so collected thereunder shall be jointly responsible to the city for the amount of such expenditure. In other words, the whole purpose of this statute is to prevent officers of a city from collecting from the citizens and taxpayers thereof money under a void ordinance, and the penalty imposed is both upon those who participated in the passage of such an ordinance and those who suffered the expenditure of money collected thereunder. This is the plain, unambiguous meaning of the statute. It is susceptible of no other construction. It has no other meaning. Appellant practically admits this to be so, but insists that the statute, as enrolled and as it appears in the authorized published copies of the Kentucky Statutes, differs from the statute, as passed by the General Assembly, and we are cited to the journals of the House and Senate for the session of the General Assembly for the year 1894, as establishing this fact. It may be conceded that this act, as it appears upon the journals of the House and Senate, differs from the enrolled bill, and that, as it appears upon the journals of the House and Senate, it would support the contention of appellant, and under its provisions appellees would be liable personally for the misapplication of funds legally levied and collected, and yet appellant's contention must fail, for the enrolled bill can not be impeached by the journals. As said by this court in the case of Lafferty v. Huffman, 99 Ky. 80, 18 Ky. Law Rep. 17, 35 S. W. 123, 32 L. R. A. 203: "We know that the enrollment of bills receives careful attention at the hands of special committees for that purpose. It is the final act of the body, the climax of the work before the finishing hand

of the presiding officer sets his approval thereto.   It receives and merits attention for that reason, and there is small reason for imposition or fraud.  The enrolled act is well-nigh necessarily the very act passed by the body; but the chances of mistake are very great in the make-up of the journals, as they are ordinarily kept, and if it be understood that the enrolled bill may be impeached by them the chances of fraud are likewise great.  They are usually read from loose sheets or hurriedly made memoranda, and are approved with slight attention, are then passed to the journal clerk or some copyist, to be transcribed formally into the journal.   They receive usually no further consideration at the hands of the body.  * * * From every point of reason therefore we are convinced that the enrolled bill, when attested by the presiding officers as the law requires, must be accepted by the courts as the very bill adopted by the Legislature, and that its mode of enactment was in conformity to all constitutional requirements.   When so authenticated it imports absolute verity and is unimpeachable by the journals.''   In the cases of Commonwealth v. Shelton, 99 Ky. 120, 35 S. W. 128, Commonwealth v. Hardin County Court, 99 Ky. 190, 35 S. W. 275, Wilson v. Hines, 99 Ky. 228, 17 Ky. Law Rep. 157, 35 S. W. 627, 37 S. W. 148, and O. & N. Railway Co. v. Barclay's Admr., 102 Ky. 20, 43 S. W. 177, 19 Ky. Law Rep. 997, the principle announced in Lafferty v. Huffman was approved, and in the later case of Taylor v. Beckham, 108 Ky. 300, 56 S. W. 177, 21 Ky. Law Rep. 1735, 49 L. R. A. 258, 94 Am. St. Rep. 357, and Waller v. Murray, 53 S. W. 25, 21 Ky. Law Rep. 783, and Stone, Auditor, v. Dispatch Publishing Co., 55 S. W. 725, 21 Ky. Law Rep. 1475, the case of Lafferty v. Huffman was refered to, and the

Duncan v. Combs, &c.   (Two Cases.)

principle therein announced reaffirmed.   Hence, without regard to the rule that obtains in other jurisdictions, it may be said that now no principle is better established by the decisions of this court than that the enrolled bill may not be impeached by the journals of the respective houses.

The statute, as enrolled, must be accepted as the law, and, where it is plain and unambiguous in its terms and not uncertain in its meaning, no necessity arises, in construing same, for calling in aid the journals of the respective houses, or other extraneous matter.   The journals might be used, as might other evidence, in construing an ambiguous statute, but not to give to a statute unambiguous in its terms a meaning other than that which its language plainly imports.   Accepting this statute, then, as it is enrolled and promulgated, it imposes no liability upon any of the appellees for the acts complained of in the petitions, and the trial court did not err in so holding.

Judgment in each case is affirmed.