CASE 92.—ACTION BY GEORGE W. WALTERS, TREASURER
CITY OF PADUCAH AGAINST JOHN J. DORIAN
AND OTHERS.—June 9, 1910.

## Walters, Treasurer v. Dorian, &c.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Reversed.

1.  Municipal Corporations—Treasurer—Right to Custody of
    Funds.—Ky. St. section 3132, makes it the duty of the treasurer of a city of the second class to receive and deposit
    the city funds in a city depository selected by him before he
    shall pay out any of such funds. Held, that all funds of the
    city, from whatever source derived, should come into the
    treasurer's hands to be deposited by him in the city depository, so that it is the duty of his predecessor to turn
    over to such treasurer all the funds that have come into his
    hands as treasurer, and the duty of the succeeding treasurer
    to receive such funds and deposit them in the city depository
    selected by him.
2.  Municipal Corporations—Commissioners of Sinking Fund—
    Right to Custody of Funds.—Ky. St. section 3190, provides
    that certain officers shall constitute the commissioners of the
    sinking fund in a city of the second class, whose duty shall
    be to see that the proper amount to pay the principal and
    interest of the city's bonded indebtedness is provided and
    preserved for such payments. Section 3191 makes it the
    duty of the general council to levy an annual tax for sinking
    fund purposes. Section 3192 provides that all money, etc.,
    belonging to the sinking fund shall be kept in a separate account, and shall only be paid out by order of the commissioners of the sinking fund. Section 3132 provides that the
    city treasurer shall receive all funds of the city and deposit
    them in the city depository. Held, that the taxes collected
    for the sinking fund must go in the first instance into the

treasurer's hands, who . must deposit them in the city's depository to the credit of the sinking fund, and neither the mayor nor the sinking fund commissioners have any authority to deposit funds due the sinking fund or to control or have possession of the money of such fund, and while the money so deposited cannot be drawn out except upon warrant, signed by the city clerk, countersigned by the auditor, and approved by the mayor, the fund is at all times in legal custody of the treasurer, so that, where a new treasurer qualifies, it is the duty of his predecessor to transfer to him the custody of such sinking fund, and, where the new treasurer desires to remove from one depository to another funds to the credit of the sinking fund, the sinking fund commissioners should sign the necessary warrant to enable him to do so.

HENDRICK & CORBETT for appellant.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant, Walters, succeeded the appellee, Dorian as treasurer of the city of Paducah, a city of the second-class, and brought this action against Dorian on his bond as treasurer to recover $44,-790.86, alleging that there was in the hands of Dorian as treasurer this amount of money which he had wrongfully failed to pay over to his successor in office. He also joined as a defendant the Citizens' Savings Bank of Paducah, and charged as to it that it was the depository selected by Dorian in which to deposit funds that came into his hands as treasurer, and that there was in its custody as such depository the amount sought to be recovered. Dorian and the bank filed a joint answer in two paragraphs. In the first, they traversed the averments of the petition, and in the second set up, in substance, that the

money mentioned in the petition had been deposited in the Citizens' Savings Bank by James P. Smith, mayor of the city and chairman of the commissioners of the sinking fund, and that the bank was willing, able, and ready to pay over the funds upon the demand of the commissioners of the sinking fund, to whose credit the money was deposited. They denied that Walters as treasurer was entitled to the possession of any of it. To this answer a demurrer was sustained, and, declining to plead further, the case has been brought here.

From a consideration of the record and the briefs of counsel, it appears that the rights of the parties depend upon the proper construction of certain sections of the Kentucky Statutes, to which we will presently call attention; it being the contention of Walters that all funds due the city should be paid to the treasurer, and that he as the successor of Dorian was entitled to have turned over to him any fund in possession of Dorian at the time he surrendered the office. On the other hand, it is the contention of Dorian and the Citizens' Savings Bank that the fund in controversy belonged to the sinking fund of the city, and, as it was deposited by the commissioners of the sinking fund in the bank, it should remain there to the credit of that fund until withdrawn upon the orders of the commissioners, to be applied to the purposes for which the sinking fund was created, and that Walters as treasurer had no right to the custody or control of it.

Section 3132 of the Kentucky Statutes reads: "The treasurer shall give such bond and receive such salary as the general council shall by ordinance provide. In addition to such other duties as may be required herein, or as may be provided by ordi-

vol. 138—47

nance, he shall receive all funds of the city and deposit them in the city depository before he shall pay out any of them, and he shall not pay out any money save on duly authenticated orders, and then by check or order on the city depository. The city depository shall be one of the banks of the city, which shall be selected and designated by the city treasurer. He shall make daily deposits in such depository of all money received by him for the city in the preceding twenty-four hours. He shall furnish to the auditor once in each month, and at any time when demanded, a certificate from the city depository showing the balance on hand to the credit of the city, and also a statement of the gross amount and numbers of the warrants or orders on the treasurer paid by him since his preceding report. The depository shall, before the city funds shall be deposited with it, execute to the satisfaction of the general council, bond in such sum or penalty as the general council shall fix, for the faithful care and payment of all funds intrusted to it.'' It will be observed that, under this section, it is the duty of the treasurer to receive all funds of the city and deposit them in the city depository before he shall pay out any of them, and that the city depository shall be one of the banks of the city selected by the treasurer. Under this section, all funds of the city, from whatever source derived or for whatever purpose intended, come into the hands of the treasurer to be deposited by him in the city depository. In this way the security of the fund is protected, in the first place, by the bond of the treasurer, and, in the second place, by the bond of the city depository. So that, when Walters succeeded Dorian as city treasurer, it was the duty of Dorian to turn over to him as such treasurer all

the funds that had come into his hands as treasurer from whatever source or for whatever purpose intended, and the duty of Walters to receive such funds and deposit them as required by the statute in the city depository selected by him.

It is provided in section 3190 of the Kentucky Statutes that: "The mayor, and president of the board of aldermen, and president of the board of councilmen, shall constitute the commissioners of the sinking fund. It shall be their duty to see that at all times the proper amount of money to pay the principal and interest of the bonded indebtedness of the city, as such may mature, is provided in due time, and preserved exclusively for the payment of said liabilities.

"Sec. 3191. It shall be the duty of the general council to levy annually a tax for sinking fund purposes upon all property returned by the board of equalization as subject to taxation for municipal purposes, sufficient in amount to pay interest on the bonded indebtedness of the city, and which, by accumulation, shall be sufficient to pay the principal of such indebtedness as it may mature.

"Sec. 3192. All money, bonds and securities belonging to the sinking fund shall be kept in a separate account, and such money, bonds and securities shall only be paid out or disposed of by the order of the commissioners of the sinking fund, and in case of money upon a warrant signed by the city clerk, countersigned by the auditor and approved by the mayor."

Sections 3193, 3194, and 3195 of the Kentucky Statutes also relate to the duties of the sinking fund commissioners, but a recital or consideration of them is not necessary to the disposition of the question before us.

Under these sections the taxes collected for the purposes of the sinking fund go in the first instance into the hands of the treasurer, whose duty it is to deposit ·them in the city depository as a separate account to the credit of the sinking fund. Neither the mayor of the city nor the sinking fund commissioners have any right or authority to make any deposit ˙of funds due the sinking fund, or to have in any manner the control or possession of the money to the credit of this fund except such control as may be necessary to enable them to issue warrants upon it for some legitimate purpose. And, while the money deposited to the credit of this fund cannot be drawn out except upon a warrant signed by the city clerk, countersigned by the auditor and approved by the mayor, this does not mean that the treasurer loses the legal custody or control of the fund while it is on deposit in the depository. It only means that, before the city treasurer upon his check can withdraw any part of this fund, he must have been authorized to do so by a warrant signed in the manner mentioned. The sinking fund commissioners are not required to execute any bond, nor, indeed, was it particularly necessary that they should be, because the fund belonging to the sinking fund never comes into their custody or possession. They neither have the right to deposit it or withdraw it. It is at all times in the legal custody of the treasurer, and he is at all times liable upon his bond for its safety.

As the statute gives to the treasurer the right to select the city depository, it follows that he has the right at any time to change the depository, and, of course, the right to remove the funds .deposited by him, whether it belongs to the sinking fund or any

other fund, from one depository to another. There-
fore, when Walters was elected city treasurer, and
qualified by executing the required bond    and se-
lected in the manner required by law a city    de-
pository, and it also executed the necessary   bond,
Walters as treasurer had the right to the custody and
possession of all funds in the hands of his prede-
cessor, and the right to remove such fund if he de-
sired so to do from the depository in which his pre-
decessor had deposited it to the depository selected
by him.

And when the city treasurer desires to remove from
cne depository to another funds to the credit of the
sinking fund, the sinking fund commissioners should
sign the necessary warrant to enable him to do so.
As the city treasurer is liable upon his bond for all
moneys that come into his hands, no matter from
what source or to what fund it belongs, it is right
and proper that he should have the right to select
the bank in which to place it. The reasonable mean-
ing and construction of the various sections of the
statute is that the funds shall at all times be in the
control of the city treasurer, as well as in the actual
possession of the city depository, so that it may be
protected by the bond required to be executed by
each of them.

Upon a return of the case, a judgment should be
entered awarding to Walters as city treasurer the
right to withdraw from the Citizens' Savings Bank
the funds in its possession that were placed there
to the credit of the sinking fund, and that had not
been paid out for the use of the sinking fund, to the
end that he may place them in the city depository se-
lected by him, if it has executed the bond required by
the statute.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity with this opinion.