Fernand BARBOT, Angelo Cirillo, John Culkin, Herbert Feinstein, Marvin Gersfeld, William Martinez, Robert Metz, Lawrence Palumbo, Donald E. Sullivan, and Louis Vitale, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

Leonard M. FRACKMAN, individually and as Trustee of Local 199, Industrial Workers of Allied Trades, Confederated Unions of America, Pension Plan Trust; Local 199, Industrial Workers of Allied Trades, Confederated Unions of America; Michael Gordon, individually, and as President and Joseph Bellantoni, individually and as Secretary of Local 199, Industrial Workers of Allied Trades Confederated Unions of America; Better Electric Co., Inc., and Henry M. Moses, Defendants.

United States District Court
S. D. New York.

Feb. 2, 1961.

**172**

O'Donnell & Schwartz, New York City, for plaintiffs.

Frackman & Robins, New York City, for defendants other than Better Electric Co., Inc., and Henry M. Moses.

BICKS, District Judge.

Alleging that they are beneficiaries of the Local 199 Pension Trust, plaintiffs bring this action in their own behalf and in behalf of all other beneficiaries of said Pension Trust for a judgment declaring that the Trust violates § 302 of the Labor Management Relations Act, 29 U.S.C.A. § 186, for injunctive relief, and for an accounting and distribution of the trust assets to the beneficiaries thereof. They urge that the appointment of Leonard M. Frackman, Esq., an attorney for Local 199, as trustee, and the provision of the trust agreement that the trustee is subject to removal and replacement solely by Local 199 violate § 302 of the Labor Management Relations Act, supra;[1] that Frackman paid unreasonable trustee's and professional fees to himself; and that defendants have failed to file reports required by the Welfare and Pension Plan Disclosure Act of 1959. 29 U.S.C.A. §§ 301–309.

Defendants contend that (1) the named plaintiffs are not properly representative of other beneficiaries of the Local 199 Pension Trust; (2) employees have no standing to sue to restrain violations of § 302 or to recover payments allegedly made in violation of § 302; (3) the Court lacks jurisdiction over the subject matter of this action; and (4) the complaint fails to state a claim upon which relief may be granted, because Frackman is not an officer or employee of Local 199.

The defendants, other than Henry M. Moses and the Better Electric Company, have moved to dismiss the complaint. Plaintiffs have cross moved for a preliminary injunction. Affidavits in support of and in opposition to defendants' motion have been submitted to the court. It will, accordingly, be treated as a motion for summary judgment. See Rule 12(b), Fed.R.Civ.P. 28 U.S.C.A. Plaintiffs have asked that their application be treated as a cross motion for like relief.

Rule 23(a) of the Federal Rules of Civil Procedure provides that the representatives of the class who bring a class suit must "fairly insure the adequate representation of all." Since a judgment in this action may affect the rights of persons who are not before the Court, careful examination of plaintiffs' claim of representation is indicated. Among the factors to be considered is "whether the interest of the named party is coextensive with the interests of the other members of the class." 3 Moore, Federal Practice, para. 23.07, p. 3425.

It appears that for the past fifteen months the named plaintiffs have not been members of Local 199, but have

---

1. Sec. 302 reads, in pertinent part, as follows:

"(a) It shall be unlawful for any employer * * * to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value (1) to any representative of any of his employees * * * or (2) to any labor organization, or any officer or employee thereof, which represents * * * any of the employees of such employer * * *.

"(b) (1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section.

\* \* \* \* \* \*

"(c) The provisions of this section shall not be applicable * * * (5) with respect to money or other thing of value paid to a trust fund established by such representative for the sole and exclusive benefit of the employees of such employer * * * Provided, That * * * employees and employers are equally represented in the administration of such fund, together with such neutral persons as the representatives of the employers and the representatives of employees may agree upon * * *."

been members of a rival union, Local 3 of the Brotherhood of Electrical Workers, and have become participants in the Pension Fund of Local 3. No payments have been made to the Local 199 Pension Trust in their behalf since the summer of 1959, and it does not appear that future payments for their benefit can reasonably be anticipated. One for whose benefit no further contributions will be made cannot be said to have an interest parallel to, or to represent, those in respect to whom there is a continuing obligation to contribute to the fund. See Peleas v. Caterpillar Tractor Co., D.C.S. D.Ill.1939, 30 F.Supp. 173, affirmed 7 Cir., 1940, 113 F.2d 629, certiorari denied 311 U.S. 700, 61 S.Ct. 138, 85 L.Ed. 454. The claim therefore, cannot lie as a proper class suit. This disposition does not preclude treating the suit as one brought by plaintiffs in their individual capacities. Weeks v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84.

Defendants urge that the right to challenge the legality of payments to the pension trust can be availed of only by the defendant-employers who are the sole contributors thereto.

■ The legislative history suggests that the enactment of § 302 was prompted in part by a demand by the United Mine Workers that employers contribute to a welfare fund controlled exclusively by the union. Congress was concerned lest union officials abuse unchecked power over trust funds to the detriment of employees; unilateral union control of pension funds contributed by employers was therefore, forbidden. See Arroyo v. United States, 1959, 359 U.S. 419, 79 S. Ct. 864, 3 L.Ed.2d 915; United States v. Ryan, 1956, 350 U.S. 299, 76 S.Ct. 400, 100 L.Ed. 335. The Congressional intent to protect the rights of employees would be frustrated if the right to enforce compliance with § 302 were withheld from them. Copra v. Suro, 1 Cir., 1956, 236 F.2d 107, at page 114; Employing Plasterers' Association of Chicago v. Journeymen Plasterers' Protective and Benevolent Society of Chicago, Local No. 5, 7 Cir., 1960, 279 F.2d 92.

Plaintiffs' assertions that the trustee was appointed and is controlled solely by Local 199 are controverted by defendants. They maintain that Frackman has represented several contributing employers as an attorney, that his selection as trustee was approved by the employers, and that Local 199 has neither influenced nor attempted to influence his administration of the fund. If plaintiffs establish their assertions, the trustee may be deemed a "representative of employees" within the meaning of § 302. A narrower construction would open the way to easy evasion of the requirement set forth in § 302(c) (5) that employers and employees share equally in the administration of the trust. See United States v. Ryan, supra. See also Mechanical Contractors Ass'n of Philadelphia v. Local Union 420, 3 Cir., 1959, 265 F.2d 607, at page 611.

■ Substantial issues of fact are, then, presented as to the status of the trustee: (1) is he a representative solely of the union or does he hold office by and with the consent of the employers; and, (2) has the power granted the union to remove the trustee and appoint additional trustees so influenced, or is it likely to influence, the trustee in the discharge of his trust duties as to disqualify him as an impartial administrator of the trust vis-a-vis the union and the employers. The cross motions for summary judgment are, therefore, denied. See Subin v. Goldsmith, 2 Cir., 1955, 224 F.2d 753, certiorari denied, 350 U.S. 883, 76 S.Ct. 136, 100 L.Ed. 779; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 471; Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130.

■ Plaintiffs have not made a sufficient showing either of the probability of success upon the trial or of irreparable harm to warrant granting injunctive relief pendente lite. See Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 1907, 153 F. 907; Heyman v. Ar. Winarick, Inc., D.C.S.D.N.Y.1958, 166 F.Supp. 880.

The foregoing shall constitute the court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

The disposition herein constitutes an order. No settlement is necessary.