Donald W. HOLTON and Casimir Sanuita, individually, and as representatives of a class composed of all beneficiaries including themselves of the Alaska Laborers-Construction Industry Health and Security Fund, a Taft-Hartley Act Trust, Plaintiffs,

v.

Robert E. McFARLAND, J. W. Mott, and Joel D. Wiegert, individually, and as labor trustees of the Alaska Laborers-Construction Industry Health and Security Fund, a Taft-Hartley Act Trust, Defendants.

Civ. No. A–16687.

United States District Court
D. Alaska.

March 27, 1963.

Lloyd Duggar, Anchorage, Alaska, for plaintiffs.

Gordon W. Hartlieb, Anchorage, Alaska, for defendants Robert E. McFarland and Joel D. Wiegert.

HODGE, Chief Judge.

Plaintiffs brought this action for an injunction, damages and other relief, challenging the right and authority of the defendants as trustees of the "Alaska Laborers-Construction Industry Health and Security Fund," which offices they have held continuously since 1953, alleging that the defendants have usurped said offices in that they were not elected by the employees or the membership of the local unions participating in such trust, in claimed violation of the provisions of Section 302 of the Labor Management Relations Act of 1947 (Taft-Hartley Act), 29 U.S.C.A. § 186, and Section 501 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 501, the pertinent parts of which are set forth in the margin.[1] Pursuant to issues submitted at a pretrial conference raising questions of jurisdiction, the Court found that the original complaint did not allege grounds upon which the Court's jurisdiction depends, in accordance with Rule 8(a) F.R.Civ.P., and dismissed the complaint with leave to plaintiffs to file an application for leave to file an amended complaint, setting forth the jurisdictional grounds, and if the cause of action depends on the provisions of the Labor-Management Reporting and Disclosure Act, to comply with the provisions of section 501(b). Such amended complaint was lodged and upon hearing, the Court, although expressing some doubt as to whether sufficient jurisdictional grounds

1. "§ 186. (a) It shall be unlawful for any employer to pay or deliver, or to agree to pay or deliver, any money or other thing of value to any representative of any of his employees who are employed in an industry affecting commerce. * * *

"(c) The provisions of this section shall not be applicable * * *. (5) *with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer*, and their families and dependents * * *: Provided, That (A) such payments are held in trust for the purpose of paying, either from principal or income or both, for the benefit of employees, their families and dependents, for medical or hospital care, pensions on retirement or death of employees, compensation for injuries or illness resulting from occupational activity or insurance to provide any of the foregoing, or unemployment benefits or life insurance, disability and sickness insurance, or accident insurance; (B) the *detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund*, * * *.

(e) The district courts of the United States * * * shall have jurisdiction, for cause shown, * * * to *restrain violations of this section*, without re-gard to the provisions of" the Norris-LaGuardia Act or the Clayton Act. (emphasis supplied)

"§ 501. (a) The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder * * *.

"(b) When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization of its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. * * *"

were alleged, permitted the amended complaint to be filed with the understanding that defendants' challenge to the sufficiency of the complaint to constitute a claim for relief would be more properly presented by a motion to dismiss upon such grounds, which motion has been filed.

The amended complaint alleges that the union trustees are "representatives" of employees within the meaning of section 186, that one or more of the plaintiffs is a member of one of the local unions which is a party to the trust and is a beneficiary thereof, that plaintiffs "fairly insure adequate representation of the interests of the members of the class" involved, and that:

> "Approximately 10 years ago the Defendants, respectively, assumed or seized the offices of union trustees on the Board of Trustees of The Trust. These fiduciary offices were usurped and acquired in a manner unknown to Plaintiffs but it was not by being elected or legally authorized thereto by the employees * * * or by the beneficiaries of The Trust, or by the membership of the local unions then or subsequently participating in The Trust, * * * *"

With reference to section 501 the complaint further alleges that the defendants have committed a breach of trust and a misfeasance in office by "subjecting to jeopardy the tax-exempt status of the fund belonging to The Trust."

The complaint prays that (1) the offices of the defendants as trustees of the trust be declared vacant and their appointments void (although allowed to temporarily continue in office pending designation of their successors); (2) that an election to select the successor trustees be ordered by the Court, under the supervision of a court-appointed monitor; (3) that defendants be enjoined from standing as trustee candidates at such election; (4) for a personal judgment in favor of the trust against the defendants jointly and severally "for any pecuniary loss to the trust incurred by loss of tax-exempt status" and against the defendants severally for "the total amount received by each defendant qua trustee of the trust"; (5) for an allowance to plaintiffs out of such recovery of reasonable compensation; and for other relief relating to costs and expenses.

No claim is made that the constitution or bylaws of the unions involved make any reference to the manner of selection of the trustees of the fund. The trust agreement in question, executed in September of 1953, between the Alaska Chapter, Associated General Contractors, and four local unions of the International Hodcarriers', Building and Common Laborers' Union of America, contains the following provision with reference to the selection of trustees of the fund:

> "The Fund shall be administered by a Board of Trustees which shall consist of three Trustees representing the employers and three Trustees representing the employees. The Trustees representing the employers shall be appointed by the Employer and such appointment shall be in writing signed by a duly authorized officer of the Employer. The Trustees representing the employees shall be *appointed by the joint action of the Local Unions signatory hereto evidenced by an instrument in writing signed by the executive officers of the Local Unions.* The Trustees so appointed shall sign this Trust Agreement or a duplicate thereof and such signatures shall constitute an acceptance of their office and agreement to act under and be subject to all of the terms and conditions of this Trust Agreement." (emphasis supplied.)

Plaintiffs' position with regard to their first contention as to violation of section 186 is succinctly stated in their brief as follows:

> "The nut-shell of the theory of plaintiffs as to Sec. 186 jurisdiction is that Congress has by means of Sec. 186 created T–H Act trusts, and fostered and promoted them, and,

hence Sec. 186 implicitly confers jurisdictional power to prevent the frustration of the Congressional will by the usurpation of trustee office by trustees illegally designated to office."

■■ It will be observed that section 186 contains no provision whatever with respect to the method of selection of the trustees of the fund and that the only restriction placed by the Act as to the establishment of said fund is that the basis upon which payments are to be made shall be specified in a written agreement with the employer, and that the employees and employers are equally represented in the administration of such fund. There is no allegation in the amended complaint of any violation of this Act other than the theory of the plaintiffs expressed above, that is, that the trustees were "illegally designated to office," as they were not elected by the membership of the unions.

■ It is held in an action seeking termination of a union welfare fund and the distribution of proceeds to former members that where the complaint nowhere alleges that payments had been made by the employer to the employees' representatives in violation of section 186 the complaint failed to state a cause of action; and that in order to invoke the jurisdiction and powers of the district courts under subsection (e) there must be a violation of subsections (a) or (b). Moses v. Ammond, (D.C.N.Y.) 162 F. Supp. 866; Sanders v. Birthright, (D.C. Ind.) 172 F.Supp. 895. Both of these cases expressly hold that the statute does not confer jurisdiction on the federal courts for the administration of union welfare funds, as Congress did not intend such.

Plaintiffs cite in support of their position the following cases holding that the district courts have power to enjoin violations of section 186: Upholsterers' Inter. Union, etc. v. Leathercraft Furniture Co., (D.C.Penn.) 82 F.Supp. 570; American Bakeries Company v. Barrick, (D.C. Ohio) 162 F.Supp. 882; Barbot v. Frack-man, (D.C.N.Y.) 191 F.Supp. 171. These cases clearly limit such relief to conduct constituting a violation of the Act. In the Upholsterers' Inter. Union case it is stated:

"Therefore, whenever the trustees use, or attempt to use, directly or indirectly, the fund for a purpose other than for the sole and exclusive benefit of the employee-members, this court, when called upon, will enjoin the trustees from making the improper expenditure." (p. 575 of 82 F.Supp.)

In the American Bakeries Company case the court states as follows:

"The primary and principal purpose of the Act is to provide and maintain the trust fund for the sole and exclusive benefit of the employees of the employers, and their families and dependents, and any act or conduct in the management and operation of the fund which departs from that purpose well may be found to be a violation of the Act, subject, upon cause shown to the restraining jurisdiction of the District Court." (p. 884 of 162 F. Supp.)

In Barbot v. Frackman the court, in reviewing the legislative history of section 186, states:

"Congress was concerned lest union officials abuse unchecked power over trust funds to the detriment of employees; unilateral union control of pension funds contributed by employers was therefore, forbidden." (p. 173 of 191 F.Supp.)

The complaint fails to state wherein the manner of selection of the trustees violates the purpose thus expressed, or constitutes a violation of the Act.

Other cases cited by plaintiffs likewise do not support their position: Shapiro v. Rosenbaum, (D.C.N.Y.) 171 F.Supp. 875, challenges the legality of a trust agreement as to whether or not the trustee's administration of the trust rendered him a "representative of em-

ployees" within the meaning of subsection (a) of section 186. Copra v. Suro, (C.A.1) 236 F.2d 107, suggests that Congress intended to authorize the courts to exercise a more general equity power over the welfare funds, but nevertheless upholds a district court decision denying a temporary injunction in a controversy between two unions as to which is entitled to represent the employees in the management of the health and welfare funds, upon the grounds that the controversy was a labor dispute within the Norris-LaGuardia Act and that there were "serious doubts" as to the jurisdiction of the court under section 186. Barrett v. Miller, (D.C.N.Y.) 166 F.Supp. 929, merely upholds and enforces the express provision of section 186(c) (5) with respect to the selection of an impartial umpire where the employer and the employee groups deadlock on the administration of the fund.

Nearest in point is the case cited by plaintiffs of Philadelphia Nat. Bank v. Employing Bricklayers' Ass'n, (D.C. Penn.) 169 F.Supp. 591. This was a proceeding in equitable interpleader in which the court was called upon to decide which of two conflicting persons was entitled to disburse trust funds as union-designated welfare fund trustee. The trust agreement provided that the employer and the union local shall each "designate two trustees and forthwith send written notice to the other setting forth the names of its designated trustees." The court, in deciding this controversy, does hold that in the absence of a clear-cut provision in the union constitution giving its officers or any one or more of them the power to designate trustees of the welfare fund, such power remains in the union membership. However, this case may be distinguished from the case at bar in that the trust agreement provides for the appointment rather than the designation of the trustees. This was also an unusual situation calling for the exercise of the inherent power of the court and is wholly distinguishable from the present case in which the trustees have been holding office for over ten years and there appears no controversy between the trustees and the custodian of the funds on deposit as to who may make such disbursements.

It must be concluded that the complaint states no cause for relief under section 186.

Plaintiffs also contend (although not strenuously argued) that they are entitled to relief under section 501 (b) above quoted, but no mismanagement of the trust fund is claimed which could conceivably constitute any breach of the fiduciary relationship imposed by this section other than an alleged "misfeasance in office by subjecting to jeopardy the tax-exempt status of the fund belonging to the trust." This allegation is unsupported by any facts and is too vague and conjectural to be entitled to consideration. Moreover, this Act did not become effective until September 14, 1959, and it is not claimed that the acts complained of were subsequent to that date; in fact, the contrary appears. Such Act can have no retroactive effect.

Finally, defendants claim that the plaintiffs are not, as claimed by them, representatives of a class composed of all beneficiaries of the trust. From a showing made in connection with an application for a preliminary injunction in this case and affidavits of the parties it may well be that this is so. However, it is not necessary to decide this point.

The motion to dismiss will be granted. An order dismissing the plaintiffs' cause of action, with prejudice, may be presented, with costs, if any, allowed to defendants.