378 F.2d 304
 Joseph TUCKER, Nicholas Makris and Charles Tucker, on behalf
of Local 70 Bartenders Union of Brooklyn and
Queens, Plaintiffs-Appellees,
v.
Vincent D. SHAW, Thomas J. Moore, Clinton Judge, Andrew J.
Heummer, Thomas Fabbricatore and Peter F. Brennan,
Defendants-Appellants.
 No. 412, Docket 31005.
 United States Court of Appeals Second Circuit.
 Argued April 14, 1967.
Decided May 31, 1967.
 
 Harold L. Luxemburg, New York City, for defendants-appellants.
 James M. Malone, Brooklyn, N.Y., for plaintiffs-appellees.
 Before MOORE, SMITH and FEINBERG, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 This case raises the issue of whether a union's regularly retained counsel should be allowed to represent some of its officers in a suit brought against them under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 501(a), (b). Plaintiffs are three members of Local 70, Bartenderas Union of Brooklyn and Queens, who have filed an action on the local's behalf against three of its officials and three employer-trustees of a jointly-administered welfare fund; the complaint alleges the these defendants committed various breaches of fiduciary obligations enacted as federal law under 29 U.S.C. 501(a).[1] Plaintiffs moved in the District Court for the Eastern District of New York to enjoin Local 70 from expending funds for counsel fees or otherwise defending the defendants and to disqualify the union's counsel, Harold L. Luxemburg, from acting as their attorney. Judge Rosling granted plaintiffs' motion to disqualify Mr. Luxemburg and denied the other prayers for relief as moot. For the reasons ser forth below, we affirm.
 
 
 2
 The complaint includes charges that the union officials misappropriated union funds for themselves, for example, automobile expenses and insurance premiums, that one defendant holds a mortgage rightfully belonging to the union, that the officers have failed to issue to the local the stock in a corporation to which it is entitled, that accounting practices the defendants have used are false and misleading, and that there has been improper management of two welfare funds. Both branches of plaintiffs' motion were predicated upon an alleged conflict of interest, actual or potential. The request for an injunction against Local 70 pointed to the conflict between Local 70 and its individual officers. The disqualification of Mr. Luxemburg was based upon his representation of the local for many years. Defendants argued that Local 70 was not a party to this suit, and therefore there was no conflict. Judge Rosling correctly found that while not formally a party yet, the union's interest in the outcome of the litigation might well be adverse to defendants'. The district court also noted that Mr. Luxemburg's admitted familiarity with the facts involved in this litigation might unfairly tip the acales against plaintiffs tip the scales against plaintiffs the same familiarity makes Mr. Luxemburg a very likely witness if the proceedings go to trial.
 
 
 3
 As to plaintiff's prayer for an injunction preventing Local 70 from defending, representing, or paying litigation fees for defendants, Mr. Luxemburg informed the trial court in an affidavit that the union did not seek to defend the action and that any fee would have to come from the individual defendants. Quite apparently it was in response to those representations that the court denied these prayers for injunctive relief as moot. Certainly, denial did not, as appellants contend here, create 'an anomalous situation wherein the union can now go out and retain counsel for the individual defendants. * * *' The union's representation that it would not was what mooted the matter.
 
 
 4
 Therefore, the issue on appeal is the propriety of the disqualification order. As to this, appellants raise only two claims of error. First, they argue that the district court failed to make an essential finding. The argument is based on Holdeman v. Sheldon, 311 F.2d 2 (2d Cir. 1962 (per curiam), in which a member of a union sued two union officials under section 501 for allegedly having made unauthorized salary payments to two persons no longer union employees. The union moved to intervene and defend the officers; plaintiff thereupon obtained an order in the district court which denied intervention and enjoined defendants from using counsel employed by the union under an annual retainer.[2] In affirming, this court said (311 F.2d at 3):
 
 
 5
 We specifically note approval of the court's suggestion that on motions for injunctions of this sort, the district court should, after a preliminary hearing if necessary, determine whether the plaintiff has made a reasonable showing that he is likely to succeed, and whether the conduct of the defendants is in conflict with the interests of the Union. This, in combination with a policy of permitting a union to reimburse a defendant if he is successful in his defense, or perhaps even where his actions were based on a reasonable judgment as to appropriate procedures and do not evidence bad faith, should provide sufficient financial protection of union officials against nuisance suits.
 
 
 6
 Appellants argue that Judge Rosling did not find that defendants had made such a 'reasonable showing' of likelihood of success. However, the finding was clearly implicit in the district court's opinion. Judge Rosling first specifically recognized his duty under Holdeman. Next he pointed out that plaintiffs had filed a detailed factual verified application to establish 'good cause' to institute this proceeding pursuant to section 501(b),[3] and thereafter another judge had granted the requisite leave to sue. Finally, the court noted that the only affidavits filed in opposition to plaintiffs' motion either denied the merits of the complaint in a conclusory fashion or else chose not 'to discuss the merits * * * in an affidavit relating only to this preliminary motion.' It is clear that Judge Rosling regarded all of this as adding up to a reasonable showing by plaintiffs that they are likely to succeed. See Note, Counsel Fees for Union Officers under the Fiduciary Provision of Landrum-Griffin, 73 Yale L.J. 443, 452-454 (1964). By characterizing the proceedings below as 'embryonic,' appellants may also be arguing that the motion to disqualify was premature. However, it was clearly within the discretion of the district judge to nip any potential conflict of interest in the bud. See International Bhd. of Teamsters v. Hoffa, 242 F.Supp. 246, 257 (D.D.C. 1965).
 
 
 7
 For their second contention, appellants apparently offer two propositions. First is the broad one that section 501(a) does not apply to any trustee of a welfare trust fund, whether he be union or employer appointed. Second is the more limited assertion that, in any event, section 501(a) cannot apply to the three defendant employer-trustees, who are not officers of the union or even members. Appellants offer a number of theories in support of their positions; e.g., the trustees are not 'officers, agents, shop stewards, and other representatives of a labor organization' as these terms are used in section 501(a) and defined in 29 U.S.C. 402(i), (n), and (q); since the bonding requirement of section 502 specifically applies to trusts, the failure of section 501 to mention trusts indicates congressional intent to exclude them; another statute-- The Welfare and Pension Plans Disclosure Act[4] -- furnishes the sole obligations of a trustee of a welfare trust. In support of these arguments, appellants cite only one case-- Holton v. McFarland, 215 F.Supp. 372 (D. Alaska 1963)-- as holding that section 501 'does not even apply against unionappointed trustees of welfare trust funds.' Except to note that, in fact, Holton did not reach that issue, it is not necessary to deal with these questions further. Plaintiffs have filed a single complaint, containing at least seven separately stated claims; only two involve welfare funds alone, and all but two contain charges against the union defendants alone. It seems very likely that there will be a single trial on all the claims in the complaint; at least we have no good reason to assume the contrary. If, as we have held, Mr. Luxemburg is disqualified from representing the three union defendants on the many claims that do not involve a welfare trust, it makes good sense for the disqualification to be complete. As a practical matter, Mr. Luxemburg's efforts on behalf of the three union defendants on the two welfare trust causes of action would in all probability, and despite good faith attempts by Mr. Luxemburg to the contrary, spill over to the substantial benefit of these defendants on the other claims against them. Thus, they would get indirectly substantially what they could not directly obtain, and the potential for injury to Local 70 would be present. Moreover, the possibilities for conflicts of interest injurious to Local 70 are equally present whether Mr. Luxemburg represents union trustees or employer trustees. Accordingly, we hold that Judge Rosling properly exercised his discretion.
 
 
 8
 The order is affirmed.
 
 
 
 [1]
 (a) The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exclupatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall by void as against public policy
 
 
 [2]
 204 F.Supp. 890 (S.D.N.Y.1962)
 
 
 [3]
 In relevant part, 501(b) provides: 'No such proceeding (instituted by a union member for violation of subsection (a) duties) shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte.'
 
 
 [4]
 29 U.S.C. 301-309