**Carlos GUZMAN, Plaintiff,**

v.

**Gus BEVONA, individually and as President of Local 32B–32J, Service Employees International Union, Joseph J. Baumann, as Secretary Treasurer, Donald F. Mumm, as Vice–President, Kevin McCullough, as Assistant to the President, Antonio Dejesus as Recording Secretary, Marie Nurse, as Assistant Secretary, Andrew Dunlea, William**

Lannon, John Bevona, Vernon Sampson, Charles Casesa, as District Chairmen, and Other Unnamed Members of the Executive Board of Local 32B–32J, Service Employees International Union, Defendants.

No. 92 Civ. 1500 (RPP).

United States District Court, S.D. New York.

April 23, 1992.

Lankenau Kovner & Bickford, New York City by Wayne N. Outten, for plaintiff.

Spivak, Lipton, Watanabe, Spivak & Moss, New York City by Franklin K. Moss, Rochman, Platzer, Fallick, Rosmarin & Sternheim, New York City by Irwin Rochman, for defendants.

OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

Plaintiff Carlos Guzman ("Guzman"), individually and on behalf of the members of Local 32B–32J of the Service Employees International Union ("the Union"), filed a verified application for leave to sue under 29 U.S.C. § 501(b) against Gus Bevona, President of the Union ("Bevona") and other named and unnamed members of the Executive Board of the Union. The Union itself is not named as a defendant.

Guzman's amended complaint alleges that in January 1991 he circulated a list of salaries to Bevona and the officers of the Union which he thought were exorbitant and also protested a recent rise in union dues; that although he was a shop steward he was subsequently denied admittance to a scheduled meeting of shop stewards at a hotel and was ejected from the hotel when he continued to gather signatures for his petition; that subsequently he sent an open letter to Bevona objecting to increases in officers' salaries and increases in union dues; that subsequently an unidentified man asked questions of his neighbors about his whereabouts and that the unidentified man, together with another unidentified man, appeared to be keeping him under surveillance; that he became frightened, called the police, and fled his apartment; that he complained to the police and the District Attorney's office and learned from those agencies that the men were private detectives working for the Union; and that his work schedule has been reduced by Union dispatchers since these events.

In his first cause of action Guzman sues Defendants for infringing his rights to free expression under § 101(a)(2) of the Labor Management Reporting and Disclosure Act ("the Act"), 29 U.S.C. § 411(a)(2). In his second cause of action he sues Defendants

for misappropriation of union funds to further their own agendas in violation of their fiduciary duties to Union members under § 501(a) of the Act. In his third cause of action, he charges the Defendants with breaching the Union's International Constitution and the Local's Constitution by these acts, a violation of § 301(a) of the Act. For his fourth cause of action he charges the Defendants committed a violation of § 101(a)(2) of the Act by causing him to be denied access to the shop stewards meeting. In the remaining causes of action he charges common law breach of fiduciary duty, intentional interference with contractual relations and tortious infliction of emotional distress.

Defendants oppose Guzman's application for leave to sue under 29 U.S.C. § 501(b) claiming that Plaintiff is not a proper plaintiff to assert claims as a representative of the Union; that a § 501 action would not benefit the Union; that the allegations do not state a § 501 claim; and that there is no good cause to pursue a § 501 cause of action.

Defendants admit that Guzman is a longstanding member of the Union and that the Union paid the private investigative service over $19,000 to investigate Guzman. They assert that the surveillance was unanimously ratified because the Executive Board members believed Guzman was associated with employers or other groups whose interests are adverse to the Union.

 As a Union member for about twenty years and a shop steward, Guzman is a proper party to bring a § 501 claim. The § 501 cause of action asks that the Union be reimbursed by the Defendants for this expenditure. On its face this constitutes good cause since in this cause of action Defendants are alleged to have misapplied Union money and property. *Tucker v. Shaw,* 378 F.2d 304 (2d Cir.1967).

Defendants rely on *Head v. Brotherhood of Railway, Airline and Steamship Clerks,* 512 F.2d 398, 400 (2d Cir.1975), and *Coleman v. Brotherhood of Railway, Airline and Steamship Clerks,* 340 F.2d 206, 209 (2d Cir.1965), to argue that the gravamen of the complaint is improper conduct as Union officials, not the misapplication of union funds. It is clear, however, that the thrust of the § 501 claim is not against the Defendants for improper use of their executive authority but against the individuals who constitute its officers and Executive Board for misuse of funds entrusted to them as fiduciaries. Furthermore, *Head* and *Coleman* were not decided based on Applications for Leave to Sue, but at later stages of litigation. Plaintiff here has pleaded this cause of action under § 501 properly and although there is a § 101 cause of action also pleaded, the claims are clearly separated in the complaint. Nor is Plaintiff's § 501 claim individual in nature. Thus it is distinguishable from the slander claim brought by Bocchiere in *Bocchiere v. Biller,* 111 Lab. Cas. (CCH) ¶ 11,193 at 25,154, 1988 WL 163032 (D.D.C. Apr. 29, 1988).

Plaintiff has shown reasonable grounds for his belief in the existence of the facts that constitute his § 501(b) claim. Accordingly, leave to sue is granted. *Dinko v. Wall,* 531 F.2d 68, 75 (2d Cir.1976).

IT IS SO ORDERED.