NIAGARA–GENESEE & VICINITY CARPENTERS LOCAL 280; Salvatore J. La Scala and Douglas A. Janese, individually and as President and Recording Secretary of Local 280, respectfully, and Trustees of the Niagara–Genesee & Vicinity Carpenters Local 280 Welfare Fund; Ronald D. Tower, Russel A. Colosi, Patrick M. Carmody, Tobin J. Gormley and Christopher Shakarjian, individually and as Warden, Conductor, and Trustees of Local 280, and Trustees of the Niagara–Genesee & Vicinity Carpenters Local 280 Pension Fund; and Salvatore J. De Marco and John C. Lunney, individually and as Trustee and Trustee Pro–Tem of Local 280, and Richard J. Marino, Plaintiffs,

v.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; Sigard Lucassen, Salvatore A. Pelliccio, William Smith, and Kevin A. Thompson, individually and as General President and representatives of the United Brotherhood; Santo S. Scrufari, individually and as Plan Manager of the Niagara–Genesee & Vicinity Carpenters Local 280 Welfare and Pension Funds; Gordon J. Knapp, David Fay, and Richard L. Covatta, individually and as Business Manager, Vice–President and Financial Secretary of Local 280, and Trustees of the Niagara–Genesee & Vicinity Carpenters Local 280 Welfare Fund; and Kenneth E. Baggett, Daniel Fay, John B. Jones, David Knapp, Michael O'Brien, Christopher M. Scrufari, Rocco A. Sidari, Robert Williams, and John Woodley, Defendants.

No. 93–CV–982C.

United States District Court,
W.D. New York.

Feb. 25, 1994.

Norman A. LeBlanc, Jr., Hamburg, New York City, for plaintiffs.

Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria (Eugene W. Salisbury, of counsel), Buffalo, New York City, for defendants Santo Scrufari and Gordon Knapp.

CURTIN, District Judge.

In this case a complaint was filed in December of 1993 seeking, firstly, an order restoring individual plaintiffs as officers of Niagara–Genesee and Vicinity Carpenters Local 280 ("Local 280") and as trustees of the Local 280 Welfare Fund and the Local 280 Pension Fund ("the Funds"); secondly, an order voiding the trusteeship imposed by defendant United Brotherhood of Carpenters and Joiners of America ("International") over Local 280; thirdly, an injunction ordering defendants to refrain from taking any action as the Executive Board of Local 280 or as trustees of the Funds; and finally, an order removing defendant Santo Scrufari as plan manager of the Funds. As a result of a meeting held on December 17, 1993, it was determined that the Funds should be joined as a necessary party in this case so that jurisdiction could be exerted over those entities. An amended complaint was filed on December 29, 1993, naming the Funds as defendants.

Defendants Santo Scrufari and Gordon Knapp, represented by Eugene Salisbury, Esq., have now moved to compel Norman LeBlanc, Esq., to withdraw as plaintiffs' counsel. Items 18 and 19. Mr. Knapp is the General Agent of Local 280 and a trustee of the Funds. Mr. Scrufari is employed by the trustees as the Funds' plan manager, is subject to their direction, and as such is a fiduciary of the Funds. In addition, both Knapp and Scrufari are participants and beneficiaries of the Funds.

The essence of the motion to compel withdrawal is that Mr. LeBlanc practices law out of the same office as, and is in law partnership with, David Herrmann, Esq., who is prohibited from representing the plaintiffs because he has been counsel to the Funds for a number of years and continues to represent them in all matters other than the present litigation.

There is no question that Mr. Herrmann is working closely with Mr. LeBlanc in supporting the plaintiffs in this litigation. At oral argument on February 9, 1994, Mr. Herrmann was in court with Mr. LeBlanc, assisted him in his presentation, and disclosed that they are in partnership. During the early proceedings in this case there was some question as to whether they had formed a formal law partnership; but at the meeting, LeBlanc and Herrmann made clear that one does now exist. They argue, however, that this should not disqualify LeBlanc as attorney for the plaintiffs. Defendants contend that since Herrmann cannot represent the plaintiffs, neither can LeBlanc.

In his capacity as attorney for the Funds, Herrmann represents the interests of the participants of the Funds as a whole. He represents the Funds in legal actions brought against them by participants and others. Item 30, ¶ 4. He drafts plan documents and other materials necessary to keep the Funds in compliance with applicable statutory provisions. *Id.* at ¶ 5. He also provides the Funds' trustees with legal advice and guidance concerning member benefits, Fund administration, and the trustees' powers and obligations. *Id.* Defendants say that as the Funds' attorney, Herrmann has had access to the Funds' practices and internal records, and has received confidential and privileged information from defendant Scrufari in his capacity as the Funds' plan manager, and from defendant Knapp in his capacity as a trustee. More importantly, they urge that Herrmann owes loyalty to all participants and beneficiaries equally.

The plaintiffs argue that this lawsuit was brought to protect their rights as guaranteed by the Employee Bill of Rights contained in the Labor–Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*, and they ask the court to focus at this time on only a part of the remedy they seek in their com-

plaint—the removal of the trusteeship imposed by the International over Local 280 and the restoration of certain plaintiffs as officers of the Local. However, under Local 280 bylaws, officers become trustees of the Funds automatically by reason of their status as officers. Therefore, whatever action is taken by the court in resolving the dispute over control of the Local will also determine who will be trustees of the Funds. For this reason the case must be considered in its entirety, and not piecemeal.

Plaintiffs say that there is not and never has been any attorney-client relationship between Herrmann and defendants Knapp and Scrufari in their capacities as Fund trustee and plan manager, respectively, so these defendants have no standing to move on the basis of attorney-client privilege. They maintain that Herrmann's clients were and are the participants and beneficiaries of the Funds, and not the Funds' trustees or fiduciaries.

Defendants Knapp and Scrufari respond, however, that they have standing to bring their motion since, as well as being fiduciaries of the Funds, they are also participants and beneficiaries. As such, they are clients of Mr. Herrmann by virtue of his being the Funds' attorney. As attorney for the Funds, Herrmann owes an undivided duty of loyalty to all of the participants of the Funds. *Helt v. The Metropolitan District Commission,* 113 F.R.D. 7, 9–10 (D.Conn.1986); *Washington–Baltimore Newspaper Guild, Local 35 v. Washington Star Co.,* 543 F.Supp. 906, 909 (D.C.D.C.1982). In this dispute he may not represent one group against another, because of his duty to all. Defendants also cite DR 5–108.[1]

Mr. Herrmann is not a disinterested attorney attempting to provide information in this case, but rather is an attorney whose partner, LeBlanc, is representing individual plaintiffs who are seeking to replace certain defendants from Union positions and from positions as officers of the Funds. Herrmann's past and present representation of the Funds is substantially related to this litigation, and the plaintiffs' interests are, at least arguably, materially adverse to the interests of Knapp and Scrufari as participants and beneficiaries. In aligning himself with the plaintiffs, Herrmann, through his partner LeBlanc, may be improperly representing the interests of some of the Fund participants and beneficiaries against the interests of others. As the Funds' attorney, Mr. Herrmann has a fiduciary responsibility to represent the interests of *all* the beneficiaries; and neither he nor LeBlanc, his law partner, may ethically represent some beneficiaries against others in a matter that is inextricably linked to his role as legal counsel to the Funds. *See Fund of Funds, Ltd. v. Arthur Andersen & Co.,* 567 F.2d 225 (2d Cir.1977); *Cinema 5, Ltd. v. Cinerama, Inc.,* 528 F.2d 1384, 1386 (2d Cir.1976); *Hull v. Celanese Corp.,* 513 F.2d 568 (2d Cir.1975).

On January 18, 1994, Robert Doren, Esq., appeared in court and said that for the purpose of this litigation his firm would represent the Funds, but beyond sending a letter to the court on February 17 (Item 32), he has not participated at all in the present dispute. In his letter, he does not take a position on whether LeBlanc should continue as attorney for the plaintiff, but says that his firm represents the Funds as an entity and does not represent individual participants or beneficiaries. He suggests that the court on its own authority appoint an independent fiduciary. No action may be taken on this suggestion until an appropriate motion is filed.

The motion to disqualify Mr. LeBlanc is granted on the basis of his close association with Mr. Herrmann, and Herrmann's continuing fiduciary duty, as the Funds' attorney, to all of the participants and beneficiaries of the Funds.

---

1. DR 5–108 provides:
   *Conflict of Interest—Former Client*
   A. Except with the consent of a former client after full disclosure a lawyer who has represented the former client in the matter shall not:
   1. Thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client.
   2. Use any confidences or secrets of the former client except as permitted by DR 4–101(C) or when the confidence or secret has become generally known.

From the allegations in the complaint, it appears that serious questions remain. As soon as plaintiffs obtain substitute representation, the court shall be notified so that this case may progress to resolution as quickly as possible.

So ordered.