NIAGARA–GENESEE & VICINITY CARPENTERS LOCAL 280; Salvatore J. La Scala and Douglas A. Janese, individually and as President and Recording Secretary of Local 280, respectfully, and Trustees of the Niagara–Genesee & Vicinity Carpenters Local 280 Welfare Fund; Ronald D. Tower, Russel A. Colosi, Patrick M. Carmody, Tobin J. Gormley and Christopher Shakarjian, individually and as Warden, Conductor, and Trustees of Local 280, and Trustees of the Niagara–Genesee & Vicinity Carpenters Local 280 Pension Fund; and Salvatore J. De Marco and John C. Lunney, individually and as Trustee and Trustee Pro–Tem of Local 280, and Richard J. Marino, Plaintiffs,

v.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; Sigard Lucassen, Salvatore A. Pelliccio, William Smith, and Kevin A. Thompson, individually and as General President and representatives of the United Broth-

erhood; Santo S. Scrufari, individually and as Plan Manager of the Niagara–Genesee & Vicinity Carpenters Local 280 Welfare and Pension Funds; Gordon J. Knapp, David Fay, and Richard L. Covatta, individually and as Business Manager, Vice–President and Financial Secretary of Local 280, and Trustees of the Niagara–Genesee & Vicinity Carpenters Local 280 Welfare Fund; and Kenneth E. Baggett, Daniel Fay, John B. Jones, David Knapp, Michael O'Brien, Christopher M. Scrufari, Rocco A. Sidari, Robert Williams, and John Woodley, Defendants.

No. 93–CV–982C.

United States District Court, W.D. New York.

July 25, 1994.

Burd & McCarthy (Timothy A. McCarthy, of counsel), Buffalo, NY, for plaintiffs.

Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria (Eugene W. Salisbury, of counsel), Buffalo, NY, for defendants Santo Scrufari and Gordon Knapp.

## DECISION AND ORDER

CURTIN, District Judge.

This case involves an internecine feud between two factions of the membership of Niagara–Genesee & Vicinity Carpenters Local 280 ("Local 280"), over control of Local 280 and consequent union representation on the board of trustees of the Local 280 Welfare and Pension Funds ("the Funds"). On December 13, 1993, a complaint was filed alleging, *inter alia,* that on October 19, 1993, certain of the plaintiffs were wrongfully removed as officers and trustees of Local 280 by certain of the defendants, and that the defendants had thereby improperly wrested control of the local from the plaintiff officers and trustees, who had comprised a majority of the governing body of Local 280, the "Executive Board." The complaint alleged further that shortly thereafter, defendant United Brotherhood of Carpenters and Joiners of America ("the International") improperly imposed a trusteeship over Local 280. Local 280 was named as a plaintiff. The complaint stated that the plaintiffs' claims are cognizable under § 301(a) of the Labor–Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), §§ 102 and 304(a) and of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 412 and 464(a), and § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). The relief requested included:

(1) an order restoring the individual plaintiffs as officers and trustees of Local 280 and as trustees of the Funds;

(2) an order voiding the trusteeship imposed by the International over Local 280;

(3) an injunction ordering the defendants to refrain from taking any action as the Executive Board of Local 280 or as trustees of the Funds; and

(4) an order removing defendant Santo Scrufari as plan manager of the Funds.

At a meeting with the court on December 17, 1993, it was decided that the Funds should be joined as necessary parties, so that jurisdiction could be exerted over those entities. An amended complaint was filed on December 29, 1993, naming the Funds as defendants.

On January 18, 1994, defendants Santo Scrufari and Gordon Knapp, represented by Eugene Salisbury, Esq., of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria ("Lipsitz, Green"), filed a motion to compel Norman LeBlanc, Esq., to withdraw as plaintiffs' counsel. The essence of the motion was that Mr. LeBlanc should be disqualified because he was in law partnership with David Herrmann, Esq., who was himself prohibited from representing the plaintiffs because of his position as general counsel to the local's Pension and Welfare Funds. In an order issued on February 25, 1994, I granted that motion. *Niagara–Genesee & Vicinity Carpenters Local 280 v. United Brotherhood of Carpenters and Joiners of America*, 843 F.Supp. 855 (W.D.N.Y.1994). The plaintiffs obtained new counsel, and have now brought a motion to compel the withdrawal of Lipsitz, Green as counsel for defendants Scrufari and Knapp, on the grounds that there is a conflict between the firm's representation of those defendants and both its status as general counsel to Local 280 and its role as attorneys for the Funds. Scrufari and Knapp, for their part, have filed a cross-motion to drop Local 280 as a party plaintiff, pursuant to Fed. R.Civ.P. 21. Oral argument was heard on July 15, 1994.

As are all of the individual plaintiffs, Santo Scrufari and Gordon Knapp are members of Local 280 and participants in the Pension and Welfare Funds. Scrufari is employed as the Funds' Plan Manager, and as such is a fiduciary of the Funds. Knapp is the duly elected General Agent (business manager) of Local 280. By virtue of this position, Knapp is a trustee of the Welfare Fund. The plaintiffs maintain that since August, 1992, there has been a dispute between the plaintiff faction of Local 280 and Scrufari, arising out of Scrufari's allegedly improper administration of the Fund office—in particular, his payment of unauthorized salary increases to himself and to his son, Russell Scrufari, an employee in the office. They claim that as a result of this dispute, Scrufari, with the aid of Knapp and the other defendants, engaged in a course of improper conduct designed to result in the removal of the duly elected plaintiff officers and trustees of Local 280 from office, and so from their positions as union-appointed trustees of the Funds, in order to secure Scrufari's position as the Funds' Plan Manager. They maintain that the wrongful actions of Scrufari, Knapp and the other defendants did in fact culminate in the improper removal of the plaintiff officers and trustees from office on October 19, 1993, and in the subsequent wrongful imposition of a trusteeship by the International. If there is merit in the plaintiffs' allegations, the interests of Scrufari and Knapp in this litigation are plainly adverse not only to those of the individual plaintiffs, but also to those of Local 280 and its members as a whole, who have legitimate interests in the democratic functioning of the organization and the proper adherence to its constitution and bylaws, and in the impartial behavior, as fiduciaries, of both Knapp, as General Agent of Local 280, and Scrufari, as Plan Manager of its Pension and Welfare Funds.

I must consider the propriety of Lipsitz, Green's representation of Scrufari and Knapp, therefore, in the context of the plaintiffs' allegations concerning the behavior of those defendants, and in the light of the law firm's assertion that it acts as general counsel to Local 280. I note, first of all, that Lipsitz, Green states that it was hired to act as general counsel to Local 280 on October 29, 1993, ten days after the meeting at which the plaintiff officers and trustees were removed from office. Item 40, Affidavit of Eugene W. Salisbury, ¶ 17. It continues to represent the local in that capacity. *Id.*[1] It

---

1. Of course, given the plaintiffs' claim in this action that the defendants usurped control of Local 280, there must be some question as to the authority of the current leadership of Local 280 to hire Lipsitz, Green as the local's general counsel. For the purposes of the current motions, however, I must assume that the firm does in-

maintains that upon commencement of this action in December, 1993, Local 280 requested that it represent Scrufari and Knapp, and that the local "has recognized and acknowledged the obligation to pay Lipsitz, Green's legal fees." *Id.* at ¶ 20. It asserts that it has disclosed to both Local 280 and defendants Scrufari and Knapp "any and all potential conflicts of interest that may arise as a result of its representation herein," and that following disclosure, both Local 280 and Scrufari and Knapp consented to the representation. *Id.* at ¶ 21. It does not purport to represent Local 280 in this action, and indeed, it has moved *on behalf of Scrufari and Knapp* to drop the local as a plaintiff.

There is great potential for conflict between Lipsitz, Green's representation of Scrufari and Knapp in this litigation and its role as general counsel to Local 280. As counsel to Scrufari and Knapp, the firm has an obligation to zealously defend against the claims brought by the plaintiffs in this action.[2] Those claims include charges that, *inter alia,* Scrufari and Knapp participated, and indeed played a central role, in the wrongful ejection of the officers and trustees of Local 280 from office—an action which could not conceivably have been in the best interests of the local. As general counsel to Local 280, in contrast, Lipsitz, Green's allegiance is to the local as an entity, and thus to all of its members.[3] In the face of charges by one group of members that another group has usurped control of the organization by wrongfully removing its duly elected officers

and trustees, the general counsel's role must be to keep paramount the interests of the organization as a whole, and not to align itself with any individual or faction.

The potential for conflict here is illustrated by the motion to drop Local 280 as a plaintiff in this action, which was brought by Lipsitz, Green on behalf of Scrufari and Knapp. It is clear enough that Local 280 should be a party, since it has a very strong interest in the outcome of the litigation. At oral argument Mr. Salisbury of Lipsitz, Green, representing Scrufari and Knapp, suggested that the local might be more appropriately named as a defendant. Yet, it is apparent from the papers supporting Scrufari and Knapp's motion that the reason these defendants wish to have Local 280 removed as a plaintiff is that they believe that as long as the local remains as at least a nominal plaintiff, Lipsitz, Green may indeed be presented with a conflict or potential conflict. The motivating force behind the motion seems to be Scrufari and Knapp's interest in retaining Lipsitz, Green as counsel.[4] However, the question of whether or not Local 280 should be a plaintiff here is one about which Lipsitz, Green, as the local's general counsel, should be able and prepared to provide impartial advice, uncolored by Scrufari and Knapp's interests.

In *Tucker v. Shaw,* 378 F.2d 304 (2d Cir. 1967), the Second Circuit affirmed the disqualification of a union local's regularly retained counsel from acting as attorney for the defendant officers of the local, under circumstances quite similar to those in the

---

deed act as general counsel to Local 280, as it maintains.

**2.** The Code of Professional Responsibility, as adopted by the New York State Bar Association effective January 1, 1970, as amended effective September 1, 1990 ("CPR"), states that "[t]he duty of a lawyer, both to the client and to the legal system, is to represent the client zealously within the bounds of the law ..." *Id.* at EC 7–1.

**3.** "A lawyer employed or retained by a corporation or similar entity owes allegiance to the entity and not to the stockholder, director, officer, employee, representative, or other person connected with the entity. In advising the entity, a lawyer should keep paramount its interests and the lawyer's professional judgment should not be influenced by the personal desires of any person or organization." CPR, EC 5–18.

**4.** In its brief in support of the motion and in opposition to the plaintiffs' motion to compel its withdrawal, Lipsitz, Green argued in section II that Local 280 is not a proper party plaintiff, and then in section III that the firm's representation of Local 280 does not warrant its disqualification as attorneys for Scrufari and Knapp. Item 41. At the beginning of section III, it stated:

As set forth in more detail in Point II ... Local 280 was improperly named as a party plaintiff to this action and should be dropped therefrom. Therefore, contrary to the circumstances leading to Mr. LeBlanc's disqualification, Lipsitz, Green is *not* representing one party against one of its existing or former clients.

*Id.* at 7.

present case. The plaintiffs, three members of the local, had filed an action on the local's behalf against three of its officials and three employer-trustees of a jointly-administered welfare fund. *Tucker v. Shaw,* 378 F.2d at 305. The complaint alleged various breaches of fiduciary obligations, including charges that the officials had misappropriated union funds, used false and misleading accounting practices, and managed two welfare funds improperly. *Id.* at 305–306. The plaintiffs moved to enjoin the local from expending funds for counsel fees or otherwise defending the defendants, and to disqualify the union's general counsel from acting as their attorney. *Id.* at 306. The district court granted the plaintiffs' motion for disqualification, and denied the other prayers for relief as moot. *Id.* The Second Circuit affirmed, observing that:

> [d]efendants argued that Local 70 was not a party to this suit, and therefore there was no conflict. Judge Rosling correctly found that while not formally a party yet, the union's interest in the outcome of the litigation might well be adverse to defendants'.

*Id.* Similarly, in the present case, it is not Local 280's formal presence as a party that is of concern. What is troubling is that the local's interest in the outcome of the litigation may well be adverse to those of Scrufari and Knapp.

In *Tucker,* the Second Circuit made it clear that in situations like the present one, plaintiffs must make a reasonable showing that they are likely to succeed on the merits of their claims if they are to prevail on a motion to disqualify a local's general counsel from representing officials of the local. *Tucker v. Shaw,* 378 F.2d at 306–307 (citing *Holdeman v. Sheldon,* 311 F.2d 2, 3 (2d Cir.1962)). What should represent a "reasonable showing" at this stage of the litigation is not clear. However, I am convinced, from a reading of the plaintiffs' voluminous submissions in the form of affidavits and supporting documents, that there are serious questions to be addressed in this case. Disqualification of Lipsitz, Green from representing Scrufari and Knapp would serve to "nip any potential conflict of interest in the

bud." *Tucker v. Shaw,* 378 F.2d at 307 (citing *International Bhd. of Teamsters v. Hoffa,* 242 F.Supp. 246, 257 (D.D.C.1965)).

For the reasons given above, the motion to disqualify Lipsitz, Green as counsel for defendants Scrufari and Knapp is granted. Scrufari and Knapp will obtain substitute representation forthwith.

Under the circumstances, it would be inappropriate to rule on the cross-motion to drop Local 280 as a plaintiff at this time. Scrufari and Knapp may, if they wish, renew their motion after they have obtained new counsel. Local 280 unquestionably has a strong interest in the outcome of this litigation. Whether or not it should remain as a nominal plaintiff or be realigned as a defendant may not be particularly important. But in any event, I will not make a determination as to the proper alignment of Local 280 until I have received submissions from all parties purporting to represent the interests of the local.

A meeting shall be held on August 16, 1994, at 3:00 p.m., so that defendants Scrufari and Knapp can appear with new counsel, ready to proceed.

So ordered.